DALE B. JONES *et al.*, Plaintiffs-Appellants, v. CHICAGO CYCLE CENTER *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—07—0724

Opinion filed May 5, 2009.

Beermann Swerdlove LLP, of Chicago (Alvin R. Becker and Deane B. Brown, of counsel), for appellants.

Johnson & Bell, Ltd., of Chicago (James K. Toohey and Garrett L. Boehn, Jr., of counsel), for appellees.

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiffs Dale and Sally Jones (plaintiffs) appeal from an order of the circuit court awarding defendants Chicago Cycle Center, Inc., BMW of North America LLC and Bayerische Motoren Werke, Aktiengesellschaft (defendants), $181,256.52 in costs pursuant to Supreme Court Rule 219(e) (210 Ill. 2d R. 219(e)). The court awarded the costs as a condition of its granting of plaintiffs' motion for voluntary dismissal pursuant to section 2—1009(a) of the Illinois Code of Civil Procedure (735 ILCS 5/2—1009(a) (West 2006)). It ordered that plaintiffs' right to refile their complaint was dependent on proof of their payment of the award to defendants prior to refiling and that

defendants' right to collect the award arose only if plaintiffs chose to refile. Plaintiffs argue (1) the court had no authority to condition plaintiffs' absolute right to refile their complaint upon proof that they paid the award and the order is, therefore, a legal nullity; (2) the court erred as a matter of law in awarding the costs to defendants pursuant to Rule 219(e) because plaintiffs had not engaged in discovery misconduct; and (3) the court abused its discretion in ordering plaintiffs to pay $181,256.52 based on evidence from which the reasonableness of the expenses could not be determined.

In *Jones v. Chicago Cycle Center*, No. 1—07—0724 (July 29, 2008) (unpublished order pursuant to Supreme Court Rule 23), we dismissed the case for lack of jurisdiction. On March 17, 2009, pursuant to Illinois Supreme Court supervisory order No. 107411, we vacated the dismissal in order to consider the appeal on its merits. Upon consideration of the merits, we affirm the circuit court's order as modified.

## BACKGROUND

In January 2001, Dale Jones had an accident while riding a BMW motorcycle and sustained injuries. In January 2003, Dale and his wife Sally sued defendants in the circuit court of Cook County for Dale's injuries, medical and economic losses and Sally's loss of consortium. Defendants are assorted manufacturers and sellers of BMW motorcycles. Plaintiffs alleged breach of warranty, negligence, failure to warn, strict product liability and consumer fraud. The action progressed for several years, with plaintiffs amending their complaint several times and all parties proceeding with discovery. In May 2006, on the parties' joint motion, the court set October 26, 2006, as the trial date.

In September 2006, defendants moved for summary judgment. On October 24, 2006, the court heard argument on the motion for summary judgment and took it under advisement. On October 26, 2006, the court held a hearing on the parties' motions *in limine*. It decided plaintiffs' 3 motions and 10 of the 25 motions filed by defendants. Defendants made a motion *in limine* to preclude plaintiffs' witnesses from testifying regarding the costs of Dale's future medical care if plaintiffs had not previously disclosed that testimony pursuant to Supreme Court Rule 213(f) disclosures or a deposition. Plaintiffs told the court that Dale's condition had deteriorated over the past two months and one of their medical experts, Dr. Stephen Ondra, a neurosurgeon, was in the process of examining recent MRI and CAT scan results to determine what additional treatments and expenses Dale might incur as a result of his deteriorated condition. Plaintiffs had

disclosed the expert but not that he would testify regarding future medical expenses. Defendants were not aware that Dale's condition had changed or that the expert was currently formulating opinions beyond those stated in his evidence deposition taken two years earlier. Plaintiffs stated they were taking the expert's evidentiary deposition that evening. The court questioned why plaintiffs had not disclosed Dale's new medical condition to the trial judge or assignment judge hearing the case the previous week. The court told plaintiffs that they were at trial and it was too late to disclose additional opinion testimony, but it nevertheless continued the motion *in limine* regarding barring undisclosed testimony about future medical expenses pending the result of the deposition.

The next day, on October 27, 2006, plaintiffs filed a motion to voluntarily dismiss their action pursuant to section 2—1009(a). They asserted they needed to dismiss the case because Dale's medical condition had changed and further tests were needed to determine his prognosis and future medical condition. Defendants filed their response and objections to the motion to voluntarily dismiss and also filed a motion for costs pursuant to Rule 219(e) in the event the court granted the dismissal.

Rule 219(e) provides, in relevant part, that "[a] party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. *** The court may, in addition to the assessment of costs [allowed upon voluntary dismissal pursuant to section 2—1009(a)], require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action including but not limited to discovery expenses, expert witness fees, reproduction costs, travel expenses, postage, and phone charges." 210 Ill. 2d R. 219(e).[1]

Because defendants' motion for summary judgment was still pending, the court addressed that motion first, denying the motion on the basis that plaintiffs had presented some factual basis to support their case. It then addressed plaintiffs' motion for a voluntary nonsuit, stat-

---

[1]Our supreme court in *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 789 N.E.2d 290 (2003), noted that "costs" and "expenses" are not the same for purposes of Rule 219(e) and both may be imposed upon a voluntary dismissal pursuant to Rule 219(e). *Vicencio*, 204 Ill. 2d at 307 n.1, 789 N.E.2d at 297 n.1. The circuit court, however, used only the term "costs" to refer to the Rule 219(e) amounts it assessed as a condition of plaintiffs' voluntary dismissal. It makes no difference for purposes of this appeal whether the assessed amounts are "costs" or "expenses." Therefore, we will employ the term used by the court, "costs," when referring to the costs and Rule 219(e) expenses awarded by the court.

ing that it would grant the nonsuit but, before signing an order granting the nonsuit, would require plaintiffs to pay defendants all the costs associated with defendants' defense of the suit allowable by statute and supreme court rule. The court and the parties discussed when such costs would have to be paid, with defense counsel noting that plaintiffs would not perfect their voluntary dismissal until they paid the costs and plaintiffs would, therefore, be unable to refile unless they paid the costs. Defendants were concerned about the timing of entry of the nonsuit because they wanted to preserve the testimony of a witness scheduled to appear later in the week by taking his evidence deposition. The parties agreed with the court's suggestion that the motion for nonsuit be continued for two weeks, allowing defendants time to take the deposition and to prepare a bill of costs. The court entered two orders on October 27, 2006: one detailing the court's decisions on the motions *in limine* it had considered the previous day; the other denying defendants' motion for summary judgment, granting plaintiffs' motion for a voluntary dismissal "subject to Plaintiffs' payment to Defendants of all costs allowable under Rule 219(e)," allowing defendants to take the evidence deposition and ordering the parties to reconvene on November 13, 2006, for submission and approval of defendants' bill of costs.

On November 13, 2006, the court heard argument regarding defendants' motion for costs. It determined it needed additional information regarding the costs and plaintiffs needed additional time to respond to the bill of costs. Because the costs remained to be determined, the court discussed with the parties how it should structure an order granting the nonsuit and awarding costs. Plaintiffs informed the court they intended to move for a nonsuit even if they did not want to pay all the costs. Given this, the court suggested that it grant the nonsuit that day and leave only the question of the amount of costs open. Plaintiffs agreed the court's suggestion "sounds fair." Therefore, on November 13, 2006, the court entered an order stating that the parties agreed to dismissal of the action without prejudice, granting the voluntary dismissal, granting the court's award of costs and continuing the approval of costs in a specific amount until December 4, 2006.

The court held two hearings on defendants' bill of the costs in December 2006.

On January 17, 2007, after another hearing on the bill of costs, the court entered an order adopting and incorporating its prior findings regarding the motion to voluntarily dismiss and the award of costs, a "proposed findings of fact" submitted by defendants relating to the negative impact the court's decisions on the motions *in limine*

had on plaintiffs' case and four additional findings the court made during the January 17 hearing, including the determination that plaintiffs' failure to notify the court or defense counsel earlier that Dale's medical condition might cause him to seek voluntary dismissal, and then to do so only after the court made rulings affecting the scope of permitted medical testimony, was "an even greater abuse within the meaning of Supreme Court Rule 219(e) than other sanctionable discovery violations found hereinabove." The court stated that it made all the findings in support of its award of costs under Rule 219(e).

The court found defendants had submitted evidence adequate to establish that the costs they claimed under Rule 219(e) were reasonable and necessary and had been paid by defendants. It allowed Rule 219(e) costs "in the amount of $181,256.52 as a condition of the Court's granting of Plaintiffs' motion for voluntary dismissal *** as reflected in this Court's prior Orders dated October 27, 2006 and November 13, 2006." It ordered that plaintiffs' right to refile within one year of November 13, 2006,

> "is dependent on proof of payment to the Defendants of this $181,256.52 award prior to such refiling, and Defendants' corollary right to collect the award arises only if the Plaintiffs choose to exercise their right to refile within one year from the voluntary dismissal order entered on November 13, 2006, because Defendants will have received substantial value from their expenditures itemized in their Bill of Costs if Plaintiffs do not exercise their right to refile and the litigation is terminated."

On March 27, 2007, we granted plaintiffs' motion seeking an extension of the time pursuant to Supreme Court Rule 303(d) (210 Ill. 2d R. 303(d)) within which to file their appeal of the January 17, 2007, motion. On April 10, 2007, plaintiffs filed their late notice of the appeal in the circuit court of the January 17, 2007, order.

On October 16, 2007, plaintiffs moved in the circuit court to stay enforcement of the January 17, 2007, order awarding costs pending the outcome of this appeal. On October 22, 2007, the court granted the stay and ordered plaintiffs to deposit with the clerk of court the amount of the award, plus interest, prior to refiling. On October 26, 2007, plaintiffs deposited a check for $181,256.52 with the clerk of court and on October 29, 2007, refiled their action.

In *Jones v. Chicago Cycle Center*, No. 1—07—0724 (July 29, 2008) (unpublished order pursuant to Supreme Court Rule 23), we dismissed the appeal for lack of jurisdiction, finding the January 17, 2007, order awarding costs was not final and appealable on April 10, 2007, when plaintiffs filed their appeal. In supervisory order No. 107411, the Illinois Supreme Court directed that we vacate *Jones v. Chicago Cycle*

*Center*, No. 1—07—0724 (July 29, 2008) (unpublished order pursuant to Supreme Court Rule 23), and address the appeal on its merits. We vacated the dismissal order on March 17, 2009, and heard oral argument on the case.

During oral argument, defendants raised the issue of our lack of jurisdiction. The Illinois Constitution vests our supreme court with supervisory authority over all the lower courts of this state. Ill. Const. 1970, art. VI, §16; *In re J.T.*, 221 Ill. 2d 338, 347, 851 N.E.2d 1, 6 (2006). As we informed defendants, the supreme court, pursuant to its supervisory authority, vested this court with jurisdiction to consider the merits of the appeal and any argument regarding our lack of jurisdiction is, therefore, foreclosed. We must address the case on its merits.

## ANALYSIS

### Jurisdiction

Given the supreme court's directive, we do not address defendants' arguments regarding jurisdiction.

### Void Order

Plaintiffs argue the court erred in making plaintiffs' absolute right to refile their action contingent on their payment to defendants of the Rule 219(e) costs. They assert the court had no authority to condition plaintiffs' right to refile their complaint upon proof that they paid the award and the court's January 17, 2007, order is, therefore, a legal nullity. An order is void where it is entered by a court lacking personal jurisdiction, subject-matter jurisdiction or the inherent power to enter the order or where the court exceeded its authority in entering an order. *Schak v. Blom*, 334 Ill. App. 3d 129, 134, 777 N.E.2d 635, 640 (2002). A void order is a complete nullity from its inception, has no legal effect and may be attacked, either directly or collaterally, at any time or in any court. *Schak*, 334 Ill. App. 3d at 134, 777 N.E.2d at 640.

Plaintiffs argue the order is void because the court had no authority to condition plaintiffs' absolute right to refile their complaint under section 13—217 of the Code (735 ILCS 5/13—217 (West 2006)) on proof they paid defendants the $181,256.52 assessed by the court pursuant to Rule 219(e). Pursuant to section 13—217, where an action is voluntarily dismissed by a plaintiff, the plaintiff has an absolute right to commence a new action within one year of the dismissal, or within the remaining statute of limitations, whichever is greater. 735 ILCS 5/13—217 (West 2006); *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 306, 472 N.E.2d 787, 788 (1984). Plaintiffs assert the court's order

making their right to refile contingent on their paying the Rule 219(e) costs violates their section 13—217 absolute right to refile.

■ Rule 219(e), titled "Voluntary Dismissals and Prior Litigation," provides:

"A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party. The court may, in addition to the assessment of costs [pursuant to section 2—1009(a)], require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action including but not limited to discovery expenses, expert witness fees, reproduction costs, travel expenses, postage, and phone charges." 210 Ill. 2d R. 219(e).

The committee comments to the rule state:

"Paragraph (e) addresses the use of voluntary dismissals to avoid compliance with discovery rules or deadlines, or to avoid the consequences of discovery failures, or orders barring witnesses or evidence. This paragraph does not change existing law regarding the right of a party to seek or obtain a voluntary dismissal. However, this paragraph does clearly dictate that when a case is re-filed, the court shall consider the prior litigation in determining what discovery will be permitted, and what witnesses and evidence may be barred. The consequences of noncompliance with discovery deadlines, rules or orders cannot be eliminated by taking a voluntary dismissal. Paragraph (e) further authorizes the court to require the party taking the dismissal to pay the out-of-pocket expenses actually incurred by the adverse party or parties." 210 Ill. 2d R. 219(e), Committee Comments, at cxxxi-cxxxii.

Section 2—1009(a) confers on plaintiffs an unfettered right to voluntarily dismiss their claims without prejudice at any time before trial or hearing begins, albeit only upon proper notice and payment of costs. *Morrison v. Wagner*, 191 Ill. 2d 162, 165, 729 N.E.2d 486, 488 (2000); 735 ILCS 5/2—1009(a) (West 2006)[2]. The court's imposition of Rule 219(e) expenses as a condition of a section 2—1009(a) dismissal does not infringe on that unfettered right. *Morrison*, 191 Ill. 2d at 167,

---

[2]Section 2—1009(a) provides that "[t]he plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2—1009 (West 2006).

729 N.E.2d at 489. Rule 219(e) does not conflict with section 2—1009(a). *Morrison,* 191 Ill. 2d at 165-66, 729 N.E.2d at 488. Although "Rule 219(e) does provide that parties shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing their lawsuits, the committee comments to the rule make clear that the rule 'does not change existing law regarding the right of a party to seek or obtain a voluntary dismissal.' " *Morrison,* 191 Ill. 2d at 166, 729 N.E.2d at 488, quoting 166 Ill. 2d R. 219, Committee Comments, at cxiv.

Rule 219(e) is intended to prevent "voluntary dismissals from being used as an artifice for evading discovery requirements" by (1) enhancing the monetary burden associated with such a dismissal by permitting the award of expenses in addition to the costs allowed pursuant to section 2—1009, and (2) upon refiling, requiring the court hearing the refiled action to consider the previous litigation and any discovery determinations the court made during that litigation. *Morrison,* 191 Ill. 2d at 166-67, 729 N.E.2d at 488-89; *Vicencio v. Lincoln-Way Builders, Inc.,* 204 Ill. 2d 295, 307 n.1, 789 N.E.2d 290, 297 n.1 (2003). The rule alters the consequences of taking a voluntary dismissal. *Morrison,* 191 Ill. 2d at 167, 729 N.E.2d at 489. It does not, however, restrict a party's right to obtain such a dismissal. *Morrison,* 191 Ill. 2d at 167, 729 N.E.2d at 489. Accordingly, a plaintiff's right to seek a voluntary dismissal "remains unabridged" and a court has the authority to condition a plaintiff's taking a voluntary dismissal on its payment of costs to the defendant. *Morrison,* 191 Ill. 2d at 166, 729 N.E.2d at 488.

The court's order awarded $181,256.52 in costs "as a condition of the Court's granting of Plaintiffs' motion for voluntary dismissal." The court's award of costs was clearly intended to be a consequence of plaintiffs' taking the voluntary dismissal and was entirely within its Rule 219(e) authority. *Morrison,* 191 Ill. 2d at 166, 729 N.E.2d at 488. The order then stated:

"IT IS FURTHER ORDERED that Plaintiffs' right to refile within one year of November 13, 2006, *** is dependent on proof of payment to the Defendants of this $181,256.52 award prior to such refiling, and Defendants' corollary right to collect the award arises only if the Plaintiffs choose to exercise their right to refile within one year from the voluntary dismissal order entered on November 13, 2006, because Defendants will have received substantial value from their expenditures itemized in their Bill of Costs if Plaintiffs do not exercise their right to refile and the litigation is terminated."

This order makes payment of the Rule 219(e) costs due upon the refiling of plaintiffs' complaint. Plaintiffs argue that the court imposed

the costs as a condition precedent to refiling and was without authority to do so.

Just as section 2—1009(a) grants a plaintiff the absolute right to voluntarily dismiss a complaint (*Morrison*, 191 Ill. 2d at 165, 729 N.E.2d at 488), section 13—217 grants a plaintiff the absolute right to refile a dismissed complaint within one year or the remaining period of limitation (*Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 215, 880 N.E.2d 171, 176 (2007)). No court may infringe upon this statutory right to refile. *Case*, 227 Ill. 2d at 215, 880 N.E.2d at 176. Unlike Rule 219(e), which expressly provides that a court may attach consequences to taking a voluntary dismissal, there is no rule or statute which gives a court similar authority to attach consequences to refiling. Accordingly, although a court order making a voluntary dismissal contingent on payment of Rule 219(e) costs does not infringe on a party's absolute right to take a voluntary dismissal (*Morrison*, 191 Ill. 2d at 167, 729 N.E.2d at 489), a court order making refiling contingent on payment of costs does infringe on a plaintiff's absolute right to refile the action.

■ The court's inartful wording of the order notwithstanding, the court could not make refiling contingent on payment of the Rule 219(e) costs and we have no doubt, having reviewed the reports of proceeding before us, that this was not the court's intent. The court merely intended to make the Rule 219(e) costs due at the time of refiling, not as a condition of refiling. Although the court had the authority to require plaintiffs to pay the Rule 219(e) costs prior to granting the dismissal or within a specific period of time after granting the dismissal (*Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 307 Ill. App. 3d 528, 539, 718 N.E.2d 612, 620 (1999)), it did not do so. Instead, it granted the dismissal and ordered plaintiffs to pay the costs when they refiled, if they refiled. It assessed costs as authorized by Rule 219(e) but made them payable at a later date than generally imposed. The court could not and did not order that plaintiffs could not refile their case if they did not pay the costs. Plaintiffs' right to refile remained unabridged by the imposition of a payment of Rule 219(e) due at the time of refiling. The court's January 17, 2007, order is not void for lack of authority.

Although the court's order is not void, it did create confusion. Pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we have the authority to "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require." Therefore, to clarify the court's order to match its intent, we rewrite the above-quoted section of the court's order to read as follows (changes in italics):

"IT IS FURTHER ORDERED *that payment of the $181,256.52 award will be due only if plaintiffs refile. Payment to Defendants will be due prior to such refiling. Defendants' right* to collect the award arises only if the Plaintiffs choose to exercise their right to refile within one year from the voluntary dismissal order entered on November 13, 2006, because Defendants will have received substantial value from their expenditures itemized in their Bill of Costs if Plaintiffs do not exercise their right to refile and the litigation is terminated."

### Award of Costs Pursuant to Rule 219(e)

Plaintiffs argue the court erred in awarding the costs to defendants pursuant to Rule 219(e) because plaintiffs had not engaged in discovery misconduct. The purpose of Rule 219(e) is to prevent abuses of the discovery system by encouraging compliance with the entire discovery process. *Scattered Corp. v. Midwest Clearing Corp.*, 299 Ill. App. 3d 653, 659, 661, 702 N.E.2d 167, 171, 172 (1998). "Rule 219(e) targets those strategic and tactical litigation decisions which, having crossed the line of vigorous advocacy, become decisions aimed no longer at besting the opposing party but rather at undermining the integrity of the judicial system." *Scattered Corp.*, 299 Ill. App. 3d at 660, 702 N.E.2d at 171. It does not operate to bar a plaintiff's statutory right to a voluntary dismissal but, instead, curtails the plaintiff's use of the voluntary dismissal as a dilatory tactic by imposing expenses as a deterrent to such manipulative use of the right to a voluntary dismissal. *Morrison*, 191 Ill. 2d at 166, 729 N.E.2d at 488; *Scattered Corp.*, 299 Ill. App. 3d at 659-61, 702 N.E.2d at 171-72.

In order for Rule 219(e) to apply, there must be some misconduct on the plaintiff's part. *In re Marriage of Webb*, 333 Ill. App. 3d 1104, 1112, 777 N.E.2d 443, 449 (2002), following *Scattered Corp.*, 299 Ill. App. 3d 653, 702 N.E.2d 167. "Rule 219(e)'s reference to voluntary dismissals taken 'to avoid compliance' with 'discovery deadlines, orders, or applicable rules' (166 Ill. 2d R. 219(e)) requires the circuit court to make a preliminary finding of misconduct, analogous to the 'unreasonable noncompliance' standard invoked in Rule 219(c) cases (166 Ill. 2d R. 219(c)), before imposing expenses pursuant to Rule 219(e)." *Scattered Corp.*, 299 Ill. App. 3d at 659, 702 N.E.2d at 171.[3] The standard for determining whether the conduct of a noncomplying

---

[3]The purposes of Rule 219(c) and Rule 219(e) are similar: to prevent abuses of the discovery system by encouraging compliance with the entire discovery process. *Scattered Corp.*, 299 Ill. App. 3d at 659, 661, 702 N.E.2d at 171, 172. Rule 219(c) provides that, "[i]f a party *** unreasonably fails to comply with any provision of part E of article II of the rules of this court

party is unreasonable is whether the conduct shows "a deliberate, contumacious or unwarranted disregard for the court's authority." *Scattered Corp.*, 299 Ill. App. 3d at 659, 702 N.E.2d at 171.

In *Scattered Corp.*, the circuit court's assessment of Rule 219(e) expenses was found to be erroneous because it had not made a preliminary finding that the plaintiff engaged in misconduct or unreasonable compliance with any order. *Scattered Corp.*, 299 Ill. App. 3d at 660-61, 702 N.E.2d at 172. The plaintiff had filed for voluntary dismissal a month prior to the court's deadline for pretrial submissions and two months prior to the trial date. Although the court "determined that this type of voluntary dismissal was contemplated by Rule 219(e), the court did not find the dismissal itself, which necessarily avoided trial, evidenced an unreasonable noncompliance with any discovery deadline, order or applicable rule by the plaintiff." *Scattered Corp.*, 299 Ill. App. 3d at 661, 702 N.E.2d at 172. Therefore, the court's imposition of Rule 219(e) expenses was erroneous. *Scattered Corp.*, 299 Ill. App. 3d at 661, 702 N.E.2d at 172.

In contrast here, prior to awarding Rule 219(e) expenses, the court did make a finding that plaintiffs engaged in discovery misconduct sufficiently egregious to warrant imposition of costs and expenses pursuant to Rule 219(e). In its order awarding costs pursuant to Rule 219(e), the court adopted and incorporated all of its prior findings, the proposed findings of fact submitted by defendants and four additional findings of fact. The defendant's proposed findings stated that, prior to plaintiffs' move to voluntarily dismiss their action, the court had entered motions *in limine* barring plaintiffs from calling independent expert witnesses not specifically named in their Rule 213(f) disclosures; barring testimony from Dr. Ondra regarding his examination of Dale in September and October 2006 and any opinions stemming from those examinations not properly disclosed pursuant to Rule 213(f)[4]; barring testimony from Larry Jones regarding his trip diary, which

---

(Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, *including, among others,*" *stay of the proceeding, barring of witnesses, strik-ing of pleadings, payment of expenses resulting from misconduct, order of contempt, default judgment or dismissal of the action. 210 Ill. 2d R. 219(c).

[4]We note that, contrary to the statement in defendants' proposed findings of fact adopted by the court, the court did not bar Dr. Ondra from testifying regarding his recent examination of Dale and his opinions based on the examination. Although the court expressed the view that it was too late for plaintiffs to disclose additional opinion testimony, it continued defendants' motion *in limine* seeking to bar additional opinions by Dr. Ondra and had not

memorialized his motorcycle trip with Dale and the circumstances of the accident because he had presented only a redacted copy of his diary; barring Jones and any other witnesses from relying on Jones's trip diary or offering it or basing any testimony on it unless plaintiffs produced a copy of the unredacted diary; barring plaintiffs and their witnesses from introducing any undisclosed evidence or opinions that an alleged failure of Dale's motorcycle's antilock braking system caused or contributed to the cause of his accident; and barring plaintiffs and their witnesses from introducing alleged failures or defects of BMW motorcycles unrelated to the motorcycles' fork assembly.

Defendants noted that they had numerous additional motions *in limine* pending at the time plaintiffs sought their voluntary dismissal seeking to bar or limit testimony by plaintiffs' expert metallurgist, economist, engineer, lay witnesses, accountant and treating physicians based on plaintiff's violations of and failure to comply with disclosure and discovery rules. Defendants' proposed finding stated that plaintiffs chose to voluntarily dismiss the case to avoid the consequences of noncompliance with discovery deadlines, orders and applicable rules.

The court adopted these findings, incorporated them into its order by reference and added some of its own. The court found that plaintiffs never brought to the court's or defendants' attention the possible need to continue the trial date while plaintiffs sought additional medical treatment or to supplement their Rule 213 disclosures relating to the testimony of treating doctors until October 27, 2006 (the day trial was slated to begin), "despite many prior opportunities to do so and despite that the case was already in trial and the Court already had made significant rulings." It also found that a significant percentage of cases on the docket of the circuit court of Cook County are routinely tried while the injured party's future prognosis is far from certain, unless the party makes a timely application to the court for a new trial date. Lastly, it found:

> "Plaintiffs' prior failure to notify the Court or defense counsel that Plaintiff's medical condition might cause him to seek voluntary dismissal, then to do so only after the Court had made rulings affecting the scope of permitted medical testimony is an even greater abuse within the meaning of Supreme Court Rule 219(e) than other sanctionable discovery violations found hereinabove, because it is a great injustice to Defendants' right to trial on a date certain based on discovered evidence and more prejudicial to the fair and effective administration of the courts."

---

ruled on the motion at the time plaintiffs made their motion to dismiss the complaint.

The court "ordered that the aforesaid findings are made in support of the Court's award of costs under Supreme Court Rule 219(e)."

■ The upshot of the court's findings is that plaintiffs' conduct in moving for a voluntary dismissal on the basis of Dale's medical condition without having previously notified the court that such might be necessary despite numerous opportunities to do so and only moving for such dismissal after the court limited the scope of plaintiffs' proposed medical testimony is such a great "abuse" of the discovery system that Rule 219(e) costs and expenses are warranted. Granted, as plaintiffs assert, the court did not find nor does the record show that plaintiffs deliberately violated case management, preservation or protective orders or failed to comply with the court's discovery orders or deadlines. However, as the committee comments to Rule 219(e) make clear, Rule 219(e) addresses not only "the use of voluntary dismissals to avoid compliance with discovery rules or deadlines," but also "the use of voluntary dismissals *** *to avoid the consequences of discovery failures, or orders barring witnesses or evidence."* (Emphasis added.) 210 Ill. 2d R. 219(e), Committee Comments, at cxxxi-cxxxii. The court clearly found the latter conduct at issue here.

The record shows that, in the context of the hearing on defendants' motion *in limine* to bar plaintiffs from presenting testimony not previously disclosed, plaintiffs informed the court that Dale's condition had deteriorated two months earlier, his neurologist had performed additional tests on him, he would require additional, to-be-determined treatment and/or surgery and their neurological expert witness was formulating additional opinions regarding Dale's condition, future treatment and expenses based on the results of the recent tests. The court questioned why, if Dale's deterioration occurred two months before, plaintiffs had not informed the court earlier of his new condition. It warned plaintiffs that, because they were on trial and had not previously disclosed the opinions, it was too late to disclose them. However, it continued until the next morning its decision on defendants' motion *in limine* seeking to bar such undisclosed opinions pending the plaintiffs' deposition of the expert later that day. The next morning, plaintiffs moved to voluntarily dismiss their case based on Dale's deteriorating condition and his need for further treatment.

Without going so far as to state that plaintiffs' reason for taking the voluntary dismissal was pretextual, the court found that plaintiffs had used their right to a voluntary dismissal in order to avoid the consequences of the court's rulings on the motions *in limine*, to avoid the barring of plaintiffs' witnesses and evidence occasioned by plaintiffs' failure to disclose the proposed evidence and testimony pursuant to Rule 213(f). Plaintiffs' conduct in using their right to

voluntarily dismiss the action to avoid the consequences of the court's orders is well within the ambit of Rule 219(e).

Whether unreasonable noncompliance or misconduct occurred is a factual determination to be made by the circuit court. *Scattered Corp.*, 299 Ill. App. 3d at 661, 702 N.E.2d at 172. The court made such a factual determination here. There is nothing in the record to show the court was wrong in making this finding. The report of proceedings shows that, although plaintiffs were aware that Dale's physical condition had deteriorated two months before trial, they did not inform the court of Dale's deterioration until the hearing on the motions *in limine*. Only after having argued for their three motions *in limine* and against numerous of defendants' motions *in limine* did plaintiffs tell the court that Dale's condition had changed for the worse and new opinions based thereon were forthcoming. They mentioned Dale's condition only in passing, in order to explain why further opinions by their expert should not be barred. They did not present the information regarding Dale's deterioration as notice that Dale's condition might necessitate a dismissal, that they might not be able to continue with the case. Only after the court essentially told the plaintiffs that they would not be able to present any evidence regarding Dale's new condition and future medical treatments and expenses did plaintiffs move to dismiss their case. The court could find that plaintiffs moved to dismiss their case in order to avoid the consequences of discovery orders. It was not bound to accept plaintiffs' proffered explanation for why they wanted to voluntarily dismiss their case. *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 328 Ill. App. 3d 255, 270, 764 N.E.2d 1264, 1276 (2002). The court did not err in assessing expenses pursuant to Rule 219(e) where plaintiffs exercised their right to a voluntary dismissal to avoid the effects of the court's evidentiary rulings. *Valdovinos*, 328 Ill. App. 3d at 271, 764 N.E.2d at 1276-77.

## Reasonableness of Costs Awarded

■ Plaintiffs lastly assert the court abused its discretion in ordering plaintiffs to pay $181,256.52 in costs based on evidence from which the reasonableness of the expenses could not be determined. Rule 219(e) provides that "[t]he court may, in addition to the assessment of costs, require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action including but not limited to discovery expenses, expert witness fees, reproduction costs, travel expenses, postage, and phone charges." 210 Ill. 2d R. 219(e).

Pursuant to the court's request, defendants had submitted a verified bill for the $181,256.52 in costs and expenses it incurred in defend-

ing the suit. They submitted over 90 pages of invoices and receipts in support of their bill. Plaintiffs filed two pleadings objecting to the bill of costs. Their main objection is an assertion that expenses are not warranted because plaintiffs did not engage in discovery misconduct. They then make general objections to the amount of the expenses, asserting that the claimed expenses are excessive and unreasonable; the descriptions of the work and expenses are "generic and extremely cryptic"; the amounts charged are random; multiple witnesses billed for the full amount of their time even though they were working on other cases and/or traveling at the time; the time claimed by defendants' experts as expended in performing certain activity does not comport with times plaintiffs "procured from other sources"; numerous activities could have been handled more efficiently; and other similarly nonspecific objections. Plaintiff then stated it was impossible to fully analyze and challenge the claimed expenses because the documentation supporting the expenses was so cryptic and lacked a full explanation.

Determination of whether Rule 219(e) expenses should be imposed and the reasonableness of the expenses lies in the court's discretion. *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 307 n.1, 789 N.E.2d 290, 297 n.1 (2003). There is no report of proceedings for the two December 2006 hearings on the bill of costs or the January 17, 2007, hearing on the bill of costs. Without a record to show otherwise, we must assume that the cursory objections that plaintiffs made in their responses to the bill of costs comprise the entirety of their argument to the court on the reasonableness of those costs. We must also assume that the court adequately examined the reasonableness of the costs. The court found defendants' documentation adequate to determine that the costs were reasonable and, with nothing in the record to show otherwise, we must assume the court is correct in its assessment. The court did not err in awarding defendants' the full bill of costs.

For the reasons stated above, we affirm the circuit court's order as modified.

Affirmed, as modified.

HOFFMAN and SOUTH, JJ., concur.