2026 IL App (3d) 250100

Opinion filed February 17, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| TAIEVION ANDERSON, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-25-0100 |
| | ) | Circuit No. 19-L-1009 |
| | ) | |
| GREIF PACKAGING, LLC, | ) | Honorable |
| | ) | Bennett Braun |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court, with opinion
Justices Brennan and Anderson concurred in the judgment and opinion.

_____

**OPINION**

¶ 1       Defendant, Greif Packaging, LLC, appeals from the denial of its motion for reasonable

expenses under Illinois Supreme Court Rule 219(e) (eff. July 1, 2002). It argues the rule's expense-

shifting provision was triggered when plaintiff, Taievion Anderson, took a voluntary nonsuit to

avoid adverse pretrial rulings with sufficient connection to discovery matters. For the reasons that

follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3       Defendant terminated plaintiff's employment after he failed to return a questionnaire form

directed at plaintiff's physician. In November 2019, plaintiff filed a retaliatory discharge action,

alleging defendant terminated him for exercising his rights under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 2018)). In early 2020, defendant unsuccessfully attempted to remove the action to federal court. Defendant then filed a motion to dismiss, which the court denied in August 2020. Defendant answered the complaint, and the matter proceeded to discovery. In September 2021, plaintiff moved for partial summary judgment as to liability. He argued defendant terminated his employment based on an invalid reason and in violation of the *Petrillo* doctrine. See *Petrillo v. Syntex Laboratories, Inc.*, 148 Ill. App. 3d 581, 605 (1986) (defense counsel may not engage in *ex parte* communications with the plaintiff's treating physician). In February 2022, defendant filed a cross-motion for summary judgment. The court denied the motions in April and June 2022, respectively.

¶ 4 In April 2023, the court scheduled a December 2023 trial date. The case was reassigned to another judge, however, and the trial date was rescheduled to November 2024.

¶ 5 In advance of the new trial date, plaintiff filed 7 motions *in limine* and defendant filed 14 motions *in limine*. In August 2024, the court denied all of plaintiff's motions *in limine* and granted all but three of defendant's motions *in limine*. In so ruling, the court barred plaintiff's proffered medical expert from testifying, limited the scope of plaintiff's "economic damages" expert testimony, and found that defendant's questionnaire directed at plaintiff's physician was admissible as it did not violate the *Petrillo* doctrine. Plaintiff's counsel expressed his frustration with the court's orders, noting the orders effectively "scotch[ ] the whole case."

¶ 6 In September 2024, plaintiff moved for voluntary dismissal under section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2024)). Defendant, in response, moved for expenses "pursuant to [Illinois Supreme Court] Rule 219(e)." See Ill. S. Ct. R. 219(e) (eff. July 1, 2002). Defendant sought $103,357.76 in expenses it incurred since the start of the litigation.

¶ 7	The court granted plaintiff's motion for voluntary dismissal and denied defendant's motion for Rule 219(e) expenses. In a written order, the court found the voluntary nonsuit did not implicate the provisions of Rule 219(e), despite having been taken to avoid the consequences of adverse pretrial rulings. It explained that while plaintiff's counsel had "undertaken a scorched earth strategy in litigating the case," he had not engaged in "unreasonable noncompliance or discovery misconduct." The court emphasized its rulings on the motions *in limine* were not based on noncompliance with discovery orders or rules, and "absent an expanded interpretation of [Rule] 219(e) by an appellate court, the court is without a vehicle to address the issue unless a discovery violation or discovery-related misconduct occurs."

¶ 8	This appeal followed.

¶ 9	II. ANALYSIS

¶ 10	Defendant argues the circuit court erroneously denied its motion for Rule 219(e) expenses. It argues, first, that Rule 219(e)'s expense-shifting provision is not limited to cases involving discovery misconduct. Second, it argues that even if Rule 219(e) is tethered to discovery misconduct, the court's rulings on the motions *in limine* relate to discovery issues and thus trigger the rule's expense-shifting provision. Because the first issue requires rule interpretation, we review it *de novo*. *Coleman v. Akpakpan*, 402 Ill. App. 3d 822, 828 (2010); *Scattered Corp. v. Midwest Clearing Corp.*, 299 Ill. App. 3d 653, 656 (1998). The second issue turns on the circuit court's decision to deny defendant's Rule 219(e) motion based on the circumstances of the case, and as such, we review it for an abuse of discretion. See *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 328 Ill. App. 3d 255, 272 (2002) (applying abuse-of-discretion standard to the court's decision to impose Rule 219(e) expenses).

3

¶ 11　　　　The first question on appeal, whether the availability of Rule 219(e) expenses requires a finding of discovery misconduct, has already been settled. See *Scattered Corp.*, 299 Ill. App. 3d at 659 (answering the question in the affirmative). Defendant nonetheless seizes on language in prior case law to advocate for an enlarged reading of Rule 219(e)'s expense-shifting provision. Accordingly, we revisit the question to clarify the confines of the rule.

¶ 12　　　　Supreme court rule interpretation requires application of the same principles used to construe statutes. *Id.* at 657. "Thus, the court should first look to the plain language of the rule and consider the rule in its logical context." *Id.* "If the rule is then ambiguous, the court may consider other sources, including the Committee Comments, to ascertain the purpose of the rule." *Id.* at 657-58.

¶ 13　　　　Rule 219 is titled, "Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conferences." Ill. S. Ct. R. 219 (eff. July 1, 2002). Comprised of five paragraphs, it establishes a scheme for addressing discovery noncompliance and abuse. Ill. S. Ct. R. 219(a)-(e) (eff. July 1, 2002). Paragraph (a) authorizes expense shifting when a party refuses "without substantial justification" to answer deposition questions, interrogatories, or production requests. Ill. S. Ct. R. 219(a) (eff. July 1, 2002). Paragraph (b) authorizes expense shifting when a party's sworn denial of a significant fact or genuine document is disproved and found to lack "good reasons." Ill. S. Ct. R. 219(b) (eff. July 1, 2002). Paragraph (c) grants the trial court broad authority to sanction a party that "unreasonably fails to comply" with any discovery rule or order. Ill. S. Ct. R. 219(c) (eff. July 1, 2002). Permissible sanctions range from monetary penalties to issue-specific remedies, such as barring claims and witness testimony concerning an issue to which the refusal or failure relates. *Id.* Paragraph (d) authorizes the suppression of information obtained by an improper discovery method and reiterates the court's broad authority under paragraph (c). Ill. S.

4

Ct. R. 219(d) (eff. July 1, 2002). Thus, paragraphs (a) through (d) of Rule 219 are each linked to discovery misconduct or abuse. Paragraph (e), at issue here, operates against this backdrop. Titled "Voluntary Dismissals and Prior Litigation," it provides as follows:

"A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party. The court may, in addition to the assessment of costs, require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action including but not limited to discovery expenses, expert witness fees, reproduction costs, travel expenses, postage, and phone charges." Ill. S. Ct. R. 219(e) (eff. July 1, 2002).

By its plain language, paragraph (e) aims to prevent parties from using voluntary dismissal to evade discovery obligations and discovery-related consequences. *Id.* To that end, paragraph (e) forecloses the use of voluntary dismissal (followed by refiling) to wipe the slate clean of discovery history, including any misconduct during the discovery process. *Id.*

¶ 14    In its final sentence, paragraph (e) authorizes expense shifting. *Id.* Read in context, the final sentence authorizes expense shifting only as a response to discovery-related misconduct or evasion. See *Morrison v. Wagner*, 191 Ill. 2d 162, 166-67 (2000) (expense shifting is one of two mechanisms in paragraph (e) preventing voluntary dismissals "from being used as an artifice for evading discovery requirements"). This reading is consistent with the preceding two sentences and with Rule 219's consistent focus on discovery misconduct. See *Scattered Corp.*, 299 Ill. App. 3d

at 660 (paragraph (e)'s expense-shifting provision serves a deterrent function consistent with paragraph (c)'s purpose of "encouraging compliance with the entire discovery process"). Indeed, every preceding paragraph of Rule 219 is tethered to discovery misconduct. Reading paragraph (e) as authorizing expense awards untethered from discovery misconduct would make it the only paragraph to depart from that uniting principle.

¶ 15        Defendant urges us to consider the committee comments to Rule 219 to find that paragraph (e) authorizes expense shifting when the voluntary dismissal is taken to "avoid *** orders barring witnesses or evidence." See Ill. S. Ct. R. 219, Committee Comments (rev. June 1, 1995). We turn to extrinsic interpretation aids only when a rule is ambiguous. *Scattered Corp.*, 299 Ill. App. 3d at 657-58. Admittedly, paragraph (e)'s final sentence, read in isolation, seems to authorize expense shifting regardless of the reason for the voluntary nonsuit. Ill. S. Ct. R. 219(e) (eff. July 1, 2002). This fragmented reading, however, does not render the final sentence ambiguous, because a sentence may not be divorced from its context. See *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 14 ("[A] court will not read language in isolation ***.").

¶ 16        Nevertheless, the committee comment to paragraph (e) does not support defendant's position. It states as follows:

> "Paragraph (e) addresses the use of voluntary dismissals to avoid compliance with discovery rules or deadlines, or to avoid the consequences of discovery failures, *or orders barring witnesses or evidence*. This paragraph does not change existing law regarding the right of a party to seek or obtain a voluntary dismissal. However, this paragraph does clearly dictate that when a case is refiled, the court shall consider the prior litigation in determining what discovery will be permitted, *and what witnesses and evidence may be barred*. The consequences of

6

noncompliance with discovery deadlines, rules or orders cannot be eliminated by taking a voluntary dismissal. Paragraph (e) further authorizes the court to require the party taking the dismissal to pay the out-of-pocket expenses actually incurred by the adverse party or parties." (Emphases added.) Ill. S. Ct. R. 219, Committee Comments (rev. June 1, 1995).

Defendant maintains that paragraph (e)'s expense-shifting provision is triggered when the voluntary dismissal seeks to avoid "orders barring witnesses or evidence" entered upon resolving motions *in limine*, irrespective of whether those orders were based on the plaintiff's discovery misconduct. See *id.* We disagree.

¶ 17        Committee comments are explanatory; they cannot extend a rule beyond its fair import. Because paragraph (e) makes no mention of "witnesses or evidence," the comment's reference to "orders barring witnesses or evidence" must be understood in light of Rule 219's integrated scheme for addressing discovery noncompliance. *Cf. Scattered Corp.*, 299 Ill. App. 3d at 659 (interpreting paragraph (e) in light of paragraph (c)'s standard of "unreasonable noncompliance"). Paragraph (e) is immediately preceded by two paragraphs that authorize the barring of witnesses and evidence in response to discovery misconduct. Specifically, paragraphs (c) and (d) authorize barring a witness from testifying and an offending party from maintaining a claim, counterclaim, or defense *as to any issue tainted by discovery misconduct*. Ill. S. Ct. R. 219(c), (d) (eff. July 1, 2002). Once an issue is no longer open for proof, the scope of admissible evidence necessarily constricts. Paragraph (d), moreover, expressly authorizes a court to suppress otherwise admissible evidence *if obtained by discovery abuse*. Ill. S. Ct. R. 219(d) (eff. July 1, 2002). Thus, in view of paragraph (e)'s context within Rule 219, the "orders barring witnesses or evidence" contemplated by the committee comment are limited to consequences authorized by the rule itself. See, *e.g.*,

7

*Jones v. Chicago Cycle Center*, 391 Ill. App. 3d 101, 114 (2009) (upholding Rule 219(e) expenses where voluntary nonsuit was taken to avoid orders barring witnesses and evidence "occasioned by plaintiffs' failure to disclose the proposed evidence and testimony" as required by the discovery rules). In short, a voluntary dismissal taken after adverse rulings *unrelated* to discovery misconduct does not trigger expense shifting under paragraph (e).

¶ 18 Our conclusion is consistent with Illinois case law. See *Scattered Corp.*, 299 Ill. App. 3d at 659; accord *In re Marriage of Webb*, 333 Ill. App. 3d 1104, 1112 (2002) ("Rule 219(e) requires a finding of discovery misconduct before expenses can be imposed on a party seeking a voluntary dismissal ***."). Defendant, however, relies on two cases that it contends stand for the opposite conclusion: *Jones*, 391 Ill. App. 3d 101, and *Valdovinos*, 328 Ill. App. 3d 255. Although *Jones* and *Valdovinos* both upheld the imposition of Rule 219(e) expenses, neither case dispensed with discovery misconduct as a prerequisite to expense shifting.

¶ 19 In *Jones*, the court observed the trial court awarded Rule 219(e) expenses after finding plaintiffs had "engaged in *discovery misconduct* sufficiently egregious to warrant imposition of costs and expenses pursuant to Rule 219(e)." (Emphasis added.) *Jones*, 391 Ill. App. 3d at 112.

¶ 20 In *Valdovinos*, the court found the plaintiffs voluntarily dismissed the action "to avoid the effects of pretrial evidentiary rulings *based on their own failure to comply with discovery deadlines.*" (Emphasis added.) *Valdovinos*, 328 Ill. App. 3d at 271.

¶ 21 Both cases thus align with established precedent and are incompatible with defendant's expansive reading of paragraph (e). Parenthetically, we note that defendant, both on appeal and in the circuit court, cited an unpublished 2013 order filed under Illinois Supreme Court Rule 23(b) (eff. June 3, 2025) to advance its legal argument. Rule 23 allows the citation of unpublished orders "for persuasive purposes" only when filed on or after January 1, 2021. Ill. S. Ct. R. 23(e)(1) (eff.

8

June 3, 2025). We hereby strike from defendant's brief all references to the unpublished order. See *Global Research Distribution, Inc. v. One Stop Mailing LLC*, 2025 IL App (3d) 240298, ¶ 27 (striking party's references to unpublished pre-2021 case law).

¶ 22    Having resolved the rule interpretation question, we now turn to defendant's alternative argument, namely, that discovery misconduct occurred in this case. Defendant argues, "This case is rife with discovery issues that bear on the trial court's orders on both parties' motions *in limine* that led to [plaintiff's] decision to take a voluntary nonsuit." Discovery misconduct is judged according to the " 'unreasonable noncompliance' standard invoked in Rule 219(c) cases." *Scattered Corp.*, 299 Ill. App. 3d at 659. To determine whether a party's discovery noncompliance is unreasonable, the court considers "whether the conduct of the noncomplying party shows a deliberate, contumacious or unwarranted disregard for the court's authority." *Id.* "Whether unreasonable noncompliance or misconduct occurred is a factual determination to be made by the circuit court." *Jones*, 391 Ill. App. 3d at 115 (citing *Scattered Corp.*, 299 Ill. App. 3d at 661).

¶ 23    Defendant did not sufficiently raise this argument in the circuit court. Its Rule 219(e) motion argued that expense shifting was warranted because the voluntary dismissal was an "obvious attempt to evade evidentiary rulings that Plaintiff believes fatally damaged his case." In so arguing, defendant's motion highlighted the discontent of plaintiff's counsel with an evidentiary ruling that barred his *Petrillo* argument. As it relates to defendant's argument on appeal, the motion included but one sentence explicitly linking the evidentiary rulings with "discovery issues." (Ironically, the discovery issues mentioned were *defendant's* alleged "sanitization" of document production and "failure to disclose responsive documents.") We do not believe this sentence is sufficient to preserve defendant's alternative argument for review.

9

¶ 24　　　　Perhaps cognizant of its failure to preserve the argument, defendant advises this court in its brief, "The only issue here is the trial court's interpretation of Rule 219(e)." Notwithstanding this representation, defendant nonetheless appends its alternative argument to its brief, without meaningful development. Defendant fails to provide a standard of review and fails to address the circuit court's factual findings. It lists, without elaboration, six examples of "discovery issues that bear on" the circuit court's evidentiary rulings. It does not argue that any of the examples indicate unreasonable noncompliance. Nor does it attempt to challenge the circuit court's finding negating the presence of unreasonable noncompliance. An inadequately developed argument is forfeited. *Village of Downers Grove v. Village Square III Condominium Ass'n*, 2022 IL App (2d) 210098, ¶ 47; see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 25　　　　Forfeiture notwithstanding, the circuit court is best situated to determine whether discovery misconduct served as the impetus for its orders barring witness testimony or evidence. Here, the court found no discovery misconduct. The court specifically noted, "None of the court's rulings on the motions *in limine* which plaintiff's counsel believes adversely affects his proofs were made on the basis of the plaintiff's noncompliance with discovery orders or rules—unlike the circumstances of *Jones* and *Valdovinos*."

¶ 26　　　　Defendant gives us no reason to disturb the circuit court's determination. It seems to argue Rule 219(e) is implicated merely because the pretrial orders had an "obvious and sufficient connection to discovery issues." This formulation, however, misstates Rule 219(e)'s expense-shifting standard, which requires unreasonable noncompliance with discovery rules or orders. See *Scattered Corp.*, 299 Ill. App. 3d at 659. A pretrial ruling's connection to discovery issues cannot, on its own, trigger expense shifting. We therefore reject defendant's alternative argument.

¶ 27 Lastly, we thank the circuit court for its thorough written order, which we found particularly helpful in resolving this appeal.

¶ 28 III. CONCLUSION

¶ 29 Discovery misconduct is a prerequisite to Rule 219(e) expense shifting. Plaintiff's voluntary dismissal, though taken to avoid adverse pretrial rulings, did not trigger expense shifting where the circuit court found plaintiff's discovery conduct free of unreasonable noncompliance. Defendant's motion for Rule 219(e) expenses was properly denied. We affirm the Will County circuit court's judgment.

¶ 30 Affirmed.

*Anderson v. Greif Packaging, LLC*, 2026 IL App (3d) 250100

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 19-L-1009; the Hon. Bennett Braun, Judge, presiding. |
| **Attorneys for Appellant:** | James K. Borcia, of Tressler LLP, of Chicago, and Andrew C. Smith (*pro hac vice*) and Michael J. Shoenfelt (*pro hac vice*), of Vorys, Sater, Seymour and Pease LLP, of Columbus, Ohio, for appellant. |
| **Attorneys for Appellee:** | Paul A. Coghlan, of Paul A. Coghlan & Associates, P.C., of Lombard, for appellee. |