(No. 88014.—

RONALD MORRISON *et al.*, Appellees, v. C.G. WAG-NER *et al.* (C.G. Wagner, Appellant).

*Opinion filed April 20, 2000.*

---

Jonathan H. Barnard, of Quincy, for appellant.

Rocco A. Marrese, of Edwardsville, for appellees.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

The issue in this case is whether Supreme Court Rule 219(e) (166 Ill. 2d R. 219(e)) confers on circuit courts the authority to deny pretrial motions for voluntary dismissal filed under section 2—1009(a) of the Code of Civil Procedure (735 ILCS 5/2—1009(a) (West 1998)). With one justice dissenting, the appellate court ruled that it did not. 305 Ill. App. 3d 885. We granted the petition for leave to appeal. 177 Ill. 2d R. 315. For the reasons that follow, we now affirm the appellate court's judgment.

The litigation which gave rise to this appeal involves a medical malpractice action brought by plaintiff Ronald Morrison against defendants C.G. Wagner, a radiologist; Michael Feely, a neurosurgeon; and St. Mary's Hospital. Loss of consortium claims were also brought against those defendants by Morrison's wife. Prior to trial, the Morrisons filed a motion to voluntarily dismiss their case without prejudice pursuant to section 2—1009(a) of the Code of Civil Procedure. That statute provides, in part:

"(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs,

dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2—1009(a) (West 1998).

St. Mary's Hospital and Dr. Feely objected to the motion on the grounds that the Morrisons had not tendered payment for costs to the defendants. The Morrisons thereupon filed an amended motion alleging that they had tendered payment for costs. Once this amendment was made, none of the defendants objected to the Morrisons' request for a voluntary dismissal.

Despite the absence of an objection, the circuit court denied the Morrisons' motion. It based its decision on Supreme Court Rule 219(e) (166 Ill. 2d R. 219(e)), which provides that

"A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party. The court may, in addition to the assessment of costs, require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action including but not limited to discovery expenses, opinion witness fees, reproduction costs, travel expenses, postage, and phone charges."

After the motion to dismiss was denied, St. Mary's Hospital settled with the Morrisons and was dismissed from the case. The matter then proceeded to trial against Dr. Feely and Dr. Wagner. A mistrial was declared as to Feely, but the jury returned a verdict against the Morrisons on their claims against Wagner. The circuit court entered judgment on that verdict.

The Morrisons moved for judgment notwithstanding the verdict or for a new trial. When those motions proved unsuccessful, they appealed. On review, the appellate court concluded that Supreme Court Rule 219(e) could

not be construed as conferring on trial courts the discretion to deny an otherwise proper motion for voluntary dismissal under section 2—1009(a) of the Code of Civil Procedure. Accordingly, the appellate court ruled that the circuit court should not have denied the Morrisons' motion for voluntary dismissal. It vacated the circuit court's judgment in favor of Wagner and against the Morrisons and remanded the cause to the trial court with directions to conduct a hearing on the amount of costs the Morrisons were required to pay under section 2—1009(a) to secure the dismissal they sought. 305 Ill. App. 3d at 890-91.

In reviewing the lower courts' judgments, we begin by noting that section 2—1009(a) of the Code of Civil Procedure, by its terms, confers on plaintiffs an unfettered right to voluntarily dismiss their claims without prejudice, upon proper notice and payment of costs, "at any time before trial or hearing begins." That provision, however, is subject to two qualifications. First, where a previously filed defense motion could result in a final disposition of the cause of action if ruled upon favorably by the court, the court has the discretion to hear and decide that motion before ruling on the plaintiff's motion for voluntary dismissal. 735 ILCS 5/2—1009(b) (West 1998). Second, where the circumstances of the case are such that dismissal under section 2—1009 would directly conflict with a specific rule of this court, the terms of the rule take precedence. *Catlett v. Novak*, 116 Ill. 2d 63, 69 (1987); *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273 (1986).

In the case before us, no potentially dispositive motion was pending at the time plaintiffs moved for voluntary dismissal. Accordingly, the only valid basis for refusing to allow plaintiffs to voluntarily dismiss their action prior to trial under section 2—1009 is if such a dismissal would directly conflict with a supreme court rule. No such conflict exists.

As we have indicated, the circuit court premised its ruling on our Rule 219(e), which prohibits a party from avoiding compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. The court apparently believed the Morrisons had failed to properly respond to certain pretrial discovery matters and were attempting to utilize section 2—1009 as a means to evade court-imposed discovery sanctions. Regardless of whether this characterization of the Morrisons' actions is accurate, and the Morrisons argue that it is not, Rule 219(e) does not sanction the circuit court's decision.

While Rule 219(e) does provide that parties shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing their lawsuits, the committee comments to the rule make clear that the rule "does not change existing law regarding the right of a party to seek or obtain a voluntary dismissal." 166 Ill. 2d R. 219, Committee Comments, at cxiv. That right remains unabridged, as the appellate court recognized in this case (305 Ill. App. 3d at 889) and has held elsewhere (see *Scattered Corp. v. Midwest Clearing Corp.*, 299 Ill. App. 3d 653, 660 (1998); *Wright v. Desate, Inc.*, 292 Ill. App. 3d 952, 954 (1997)).

Instead of limiting a party's right to voluntarily dismiss his claims without prejudice prior to trial, Rule 219(e) prevents voluntary dismissals from being used as an artifice for evading discovery requirements through two entirely different mechanisms. First, the rule enhances the monetary burden associated with such dismissals. Under section 2—1009(a) of the Code of Civil Procedure, plaintiffs must pay costs as a condition of taking a voluntary dismissal without prejudice. Rule 219(e), however, provides that in addition to the assessment of costs, the court may require the party seeking dismissal to pay the opposing party or parties their

"reasonable expenses incurred in defending the action including but not limited to discovery expenses, opinion witness fees, reproduction costs, travel expenses, postage, and phone charges." 166 Ill. 2d R. 219(e).

Second, Rule 219(e) discourages the abuse of voluntary dismissals by attaching additional adverse consequences later, when the party who obtained the dismissal seeks to refile. When a case is refiled, the rule requires the court to consider the prior litigation in determining what discovery will be permitted, and what witnesses and evidence may be barred. 166 Ill. 2d R. 219(e), Committee Comments, at cxiv.

Because Rule 219(e) alters the consequences of taking a voluntary dismissal rather than restricting a party's right to obtain such a dismissal, the circuit court in this case had no grounds for preventing the Morrisons from voluntarily dismissing their claims and forcing them to proceed to trial. If the Morrisons deserved to be sanctioned under Rule 219(e) for dismissing their case in order to avoid compliance with discovery requirements, the court could have assessed the additional expenses specified by the rule. Any further adverse action could only be taken when and if plaintiffs refiled their claim in a subsequent proceeding. The appellate court was therefore correct in vacating the circuit court's judgment in favor of defendant Wagner and against the Morrisons and in remanding the cause to the circuit court for further proceedings.

For the foregoing reasons, the judgment of the appellate court is affirmed, the judgment of the circuit court is vacated, and the cause is remanded to the circuit court with directions (1) to grant the Morrisons' motion for voluntary dismissal upon their payment of costs, and (2) to conduct a hearing as to whether the Morrisons should

be required to pay expenses in addition to costs, as authorized by Rule 219(e).

*Appellate court judgment affirmed;*
*circuit court judgment vacated;*
*cause remanded with directions.*