*In re* MARRIAGE OF AMY L. WEBB, Petitioner-Appellant, and PATRICK M. WEBB, Respondent-Appellee.

Second District No. 2—01—0569

Opinion filed September 6, 2002.—Rehearing denied October 21, 2002.

David I. Grund and David C. Adams, both of Grund-Starkopf-Leavitt, of Chicago, for appellant.

Robert G. Black, of Law Offices of Robert G. Black, of Naperville, and William J. Stogsdill, Jr., and Warren G. Sylvester, both of Law Offices of William J. Stogsdill, Jr., of Wheaton, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Petitioner, Amy L. Webb (Amy), appeals from a trial court order that assessed expenses against her, pursuant to Supreme Court Rule 219(e) (166 Ill. 2d R. 219(e)), as a condition for granting the voluntary dismissal of her action for dissolution of marriage against respondent, Patrick M. Webb (Patrick). Amy contends that the trial court erred by assessing the expenses under the rule without first determining whether she had engaged in discovery misconduct. For the reasons that follow, we agree with Amy, reverse the order, and remand the cause for further proceedings.

On June 6, 2000, Amy filed a petition for dissolution of marriage against Patrick. On April 23, 2001, prior to trial, Amy filed a petition for the voluntary dismissal of the dissolution action. Along with the dismissal petition, Amy tendered to Patrick a check in the amount of $117 as payment of Patrick's appearance fee. On the same date, Patrick filed a motion seeking leave to file a counterpetition for dissolution of the marriage. Patrick later also filed a motion to strike and dismiss Amy's petition for voluntary dismissal on the ground that, in filing the petition, Amy had not complied with local court rules.

On May 2, 2001, following a hearing on these matters, the trial court entered an order that denied Patrick's motion to strike and dismiss Amy's petition for voluntary dismissal; granted Amy's petition for the voluntary dismissal of the dissolution action without prejudice; pursuant to Rule 219(e), conditioned the dismissal on the payment of reasonable expenses by Amy to Patrick; and set a date for a hearing to determine the amount of the expenses to be assessed against Amy.

On May 8, 2001, the trial court entered an order requiring Amy to pay Patrick $10,625 in expenses on or before May 21, 2001. The order also provided that, if Amy did not pay the expenses as ordered, without further notice, the May 2, 2001, order would be vacated and Patrick's motion for leave to file a counterpetition for dissolution of the marriage would be granted. If Amy paid the expenses as ordered, then the dissolution action was dismissed voluntarily. Amy's timely notice of appeal followed.

On appeal, Amy contends that she is entitled to the reversal of the May 8 order. Amy argues that the trial court erred in entering the

order without first determining whether she engaged in discovery misconduct (the discovery misconduct issue).

Patrick initially responds by arguing that we should not consider the merits of the discovery misconduct issue because Amy failed to raise the issue in the trial court and it is therefore waived (the waiver argument). In addition, Patrick has filed a motion in this court to strike the first three paragraphs of Amy's appellate reply brief. Those three paragraphs constitute Amy's response to the waiver argument. In those paragraphs, Amy cites various places in the record and asserts that the record at those places shows that she raised the discovery misconduct issue in the trial court. Patrick's motion seeking to strike the paragraphs was ordered taken with the case. Because the motion is directly related to the waiver argument, we will consider the motion and the waiver argument together.

■ In the waiver argument, Patrick asserts that Amy failed to raise the discovery misconduct issue in the trial court. As a general rule, questions not raised in the trial court are deemed waived and may not be raised for the first time on appeal. *In re Marriage of Rodriguez*, 131 Ill. 2d 273, 279 (1989).

In the first three paragraphs of her reply brief, Amy asserts that the discovery misconduct issue is not waived because her counsel raised the issue on several occasions in the trial court. In support of this assertion, Amy cites several places in the record where, she argues, her counsel raised the discovery misconduct issue. Patrick asserts in the motion to strike the paragraphs that the record, at the places Amy cites, does not support Amy's argument.

After carefully reviewing the record at the places indicated by the citations in question, we conclude that the record supports Amy's argument. The first pages in the record that Amy cites are pages 19 through 21 in the report of the proceedings for the May 2 hearing. Patrick's counsel had just argued that, under Supreme Court Rule 219(e) (166 Ill. 2d R. 219(e)), a trial court could require a party seeking to voluntarily dismiss a claim to pay an opposing party's reasonable expenses incurred in defending the action such as discovery expenses, opinion witness fees, reproduction costs, travel expenses, postage, and phone charges. Patrick claimed that he was entitled to be reimbursed for more than $16,000 in such expenses.

As part of his response, Amy's attorney stated:

"[L]et's look at Supreme Court Rule 219. Is there any order saying my client did something wrong as far as discovery goes? I don't believe there is. I certainly haven't seen one. Is there anything my client has done wrong? And the answer is no. 219 is a discovery rule, your Honor."

After the trial court asked Amy's counsel if another supreme court rule authorized the assessment of expenses such as those in question, the response of Amy's counsel included the following:

"These depositions and these costs [*sic*] must have been absolutely necessary in prosecuting the case, number one. And there also must be some finding that [Amy] either did something—didn't comply with discovery, violated a rule regarding discovery, so on and so forth.

[Patrick's] [c]ounsel has not said any of those things. What he said was, we don't want her to dismiss her case. Let's stick her with, you know, a mountain of costs [*sic*]. The law does not provide for that, nor does the case law, your Honor."

■ Our reading of these passages and other similar passages in the record at the places cited by Amy convinces us that Amy's counsel plainly argued in the trial court that in order for the court to properly assess expenses against Amy under Rule 219(e) it was necessary that there be a finding that Amy engaged in discovery misconduct. We believe these arguments sufficiently raised the discovery misconduct issue in the trial court to overcome Patrick's waiver argument. Accordingly, the waiver argument fails and Patrick's motion to strike the first three paragraphs of Amy's reply brief is denied. We now turn to the merits of the discovery misconduct issue.

The discovery misconduct issue involves the trial court's construction of Supreme Court Rule 219(e) (166 Ill. 2d R. 219(e)). Amy contends that the trial court erred when it construed Rule 219(e) to allow it to require her to pay Patrick his expenses of defending the dissolution action, as a condition of granting her petition to voluntarily dismiss the dissolution action, without first determining whether she had engaged in discovery misconduct. Amy argues that the proper construction of Rule 219(e) requires a trial court to determine whether a party has engaged in discovery misconduct before assessing such expenses against the party.

■ The discovery misconduct issue involves the construction of a supreme court rule. The construction of a supreme court rule is a question of law subject to *de novo* review. *In re Marriage of Zuberbier*, 309 Ill. App. 3d 386, 388 (1999). In interpreting a supreme court rule, we apply the same principles that are employed to construe a statute, and our goal is to determine the intent of the drafters of the rule. *Zuberbier*, 309 Ill. App. 3d at 388.

In support of her contention that the trial court erred in construing Rule 219(e), Amy relies heavily on *Scattered Corp. v. Midwest Clearing Corp.*, 299 Ill. App. 3d 653 (1998). The plaintiff in *Scattered Corp.* brought an action alleging conversion and breach of contract.

Prior to trial, after discovery had largely closed, the plaintiff filed a motion to voluntarily dismiss the case without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (735 ILCS 5/2—1009 (West 1996)). The defendant responded by filing a petition for reimbursement of its reasonable expenses pursuant to Rule 219(e). Without determining whether the plaintiff had engaged in discovery misconduct, the trial court awarded the defendant more than $135,000 as reasonable expenses and required the plaintiff to pay this amount to the defendant as a condition of granting the voluntary dismissal. After the trial court denied the plaintiff's motions to stay the judgment, withdraw the dismissal, and amend the complaint, the plaintiff appealed. *Scattered Corp.*, 299 Ill. App. 3d at 655-66.

In *Scattered Corp.*, the appellate court stated that the issue before it was whether a trial court, in considering a motion to voluntarily dismiss an action in the context of a request for expenses pursuant to Rule 219(e), was required by Rule 219(e) to make a preliminary finding as to whether the party seeking to dismiss the action had engaged in discovery misconduct before it could impose expenses under the rule. Thus, the issue in *Scattered Corp.* was virtually identical to the discovery misconduct issue raised by Amy in this case.

In resolving the issue, the *Scattered Corp.* court first noted that Rule 219 was entitled "Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conferences." 166 Ill. 2d R. 219. The court then considered the language of Rule 219(e), which provides:

"A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party. The court may, in addition to the assessment of costs, require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action including but not limited to discovery expenses, opinion witness fees, reproduction costs, travel expenses, postage, and phone charges." 166 Ill. 2d R. 219(e).

The *Scattered Corp.* court determined that the language of Rule 219(e) was ambiguous because the words "avoid compliance" in Rule 219(e) were susceptible to reasonably divergent interpretations. The words were ambiguous because, by definition, a voluntary dismissal necessarily avoided all further litigation obligations. The court then turned to the committee comments related to Rule 219(e), which provide:

"Paragraph (e) addresses the use of voluntary dismissals to avoid compliance with discovery rules or deadlines, or to avoid the consequences of discovery failures, or orders barring witnesses or evidence. This paragraph does not change existing law regarding the right of a party to seek or obtain a voluntary dismissal. However, this paragraph does clearly dictate that when a case is re-filed, the court shall consider the prior litigation in determining what discovery will be permitted, and what witnesses and evidence may be barred. The consequences of noncompliance with discovery deadlines, rules or orders cannot be eliminated by taking a voluntary dismissal. Paragraph (e) further authorizes the court to require the party taking the dismissal to pay the out-of-pocket expenses actually incurred by the adverse party or parties. This rule reverses the holdings in *In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989*, 259 Ill. App. 3d 231, 631 N.E.2d 1302 (1st Dist. 1994), and *Galowich v. Beech Aircraft Corp.*, 209 Ill. App. 3d 128, 568 N.E.2d 46 (1st Dist. 1991). Paragraph (e) does not provide for the payment of attorney fees when an action is voluntarily dismissed." 166 Ill. 2d R. 219(e), Committee Comments, at cxiv.

The *Scattered Corp.* court stated that the statement in the committee comments that "[t]he consequences of noncompliance with discovery deadlines, rules or orders cannot be eliminated by taking a voluntary dismissal" (166 Ill. 2d R. 219(e), Committee Comments, at cxiv) had a "particular resonance" for it in construing Rule 219(e). *Scattered Corp.*, 299 Ill. App. 3d at 658. The court explained that it believed the committee's emphasis on noncompliance indicated that there must be some "disobedience" on the plaintiff's part in order for the rule to apply. *Scattered Corp.*, 299 Ill. App. 3d at 658. The court also stated that the committee's reference to the case of *In re Air Crash Disaster* further supported its interpretation of Rule 219(e). *Scattered Corp.*, 299 Ill. App. 3d at 658.

The *Scattered Corp.* court then stated:

"Based upon the language of Rule 219(e) and illumination from the Committee Comments, we find that Rule 219(e)'s reference to voluntary dismissals taken to 'avoid compliance' with 'discovery deadlines, orders or applicable rules' (166 Ill. 2d R. 219(e)) requires the circuit court to make a preliminary finding of misconduct, analogous to the 'unreasonable noncompliance' standard invoked in Rule 219(c) cases (166 Ill. 2d R. 219(c)), before imposing expenses pursuant to Rule 219(e). [Citation.] To determine whether the noncompliance is unreasonable, the standard is whether the conduct of the noncomplying party shows a deliberate, contumacious or unwarranted disregard for the court's authority. [Citation.]" *Scattered Corp.*, 299 Ill. App. 3d at 659.

Finally, the *Scattered Corp.* court stated that its construction of Rule 219(e) was "consistent with the language and spirit of the authority vested in the circuit court pursuant to Supreme Court Rule 219 generally and Rule 219(c) in particular. [Citation]." *Scattered Corp.*, 299 Ill. App. 3d at 659. The court then noted that Rule 219(c) allowed for a continuum of sanctions for discovery violations and added, "we believe the purposes behind Rule 219(c) and Rule 219(e) are similar." *Scattered Corp.*, 299 Ill. App. 3d at 659. Based on its construction of Rule 219(e), the *Scattered Corp.* court reversed the order awarding expenses to the defendant because the trial court had not made the required finding as to whether the plaintiff engaged in discovery misconduct.

Patrick responds that this court should not adopt the reasoning in *Scattered Corp.* because it is unpersuasive in view of our supreme court's opinion in *Morrison v. Wagner*, 191 Ill. 2d 162 (2000), and in view of the plain language of Rule 219(e). In *Morrison*, the issue before the court was whether Rule 219(e) conferred authority on a trial court to deny a pretrial motion for voluntary dismissal that was filed pursuant to section 2—1009(a) of the Code of Civil Procedure (735 ILCS 5/2—1009(a) (West 2000)). *Morrison*, 191 Ill. 2d at 163. The court ruled that Rule 219(e) does not limit a party's right to voluntarily dismiss an action without prejudice prior to trial and explained that this was so because "Rule 219(e) prevents voluntary dismissals from being used as an artifice for evading discovery requirements through two entirely different mechanisms." *Morrison*, 191 Ill. 2d at 166. The court identified these mechanisms as the possible assessment of costs as a condition of taking a voluntary dismissal and the possible attachment of adverse consequences if the party who obtained the dismissal seeks to refile the action.

Accordingly, the *Morrison* court ruled that the trial court erred in basing its denial of the plaintiffs' motion for a voluntary dismissal on Rule 219(e). The court stated "[i]f the [plaintiffs] deserved to be sanctioned under Rule 219(e) for dismissing their case in order to avoid compliance with discovery requirements, the court could have assessed the additional expenses specified by the rule." *Morrison*, 191 Ill. 2d at 167. The court then remanded the cause with directions to grant the plaintiffs' motion for voluntary dismissal and to conduct a hearing to determine whether the plaintiffs should be assessed additional expenses as authorized by Rule 219(e).

Contrary to Patrick's assertions, we find nothing in *Morrison* that requires us to repudiate the *Scattered Corp.* reasoning. The *Morrison* court simply did not address the discovery misconduct issue that is before us in this case and even cited *Scattered Corp.* with approval on

another point. Moreover, to the extent that *Morrison* did address the requirements for allowing the assessment of expenses under Rule 219(e), it did so by referring to sanctions against a party who has sought to avoid compliance with discovery requirements. To the extent that this in any way impinges on the *Scattered Corp.* reasoning, it supports it. For these reasons, we conclude that Patrick's reliance on *Morrison* as support for his argument that we should not follow *Scattered Corp.* is misplaced.

■ Patrick next argues that the plain language of Rule 219(e) shows that the *Scattered Corp.* construction of the rule was erroneous. We disagree. In our view, the *Scattered Corp.* court correctly determined that the terms "avoid compliance" in Rule 219(e) were central to a resolution of the discovery misconduct issue and that the terms were ambiguous. It was therefore appropriate for the court to turn to the committee comments as an aid in construing Rule 219(e). We agree with *Scattered Corp.* that the committee comments show that the committee emphasized noncompliance and that this emphasis indicated that there must be some misconduct on a plaintiff's part in order for the rule to apply. Consequently, we also agree with the *Scattered Corp.* conclusion that, before imposing expenses pursuant to Rule 219(e), a trial court must make a preliminary finding as to whether the plaintiff engaged in discovery misconduct. Accordingly, Patrick's reliance on the plain language of the rule does not persuade us that the *Scattered Corp.* court erred in construing Rule 219(e).

Finally, Patrick argues that we should affirm the trial court's ruling because, even if Rule 219(e) requires a finding of discovery misconduct before expenses can be imposed on a party seeking a voluntary dismissal, the record in this case contains sufficient justification for the imposition of expenses under the rule against Amy. It is undisputed that the trial court did not make a determination as to whether Amy engaged in discovery misconduct. "[I]t is the province of the circuit court to make such factual determinations." *Scattered Corp.*, 299 Ill. App. 3d at 661. Accordingly, Patrick's argument fails.

■ In sum, because the trial court erred by not making a preliminary determination of whether Amy engaged in discovery misconduct before it assessed expenses against Amy under Rule 219(e) as a condition for allowing her to voluntarily dismiss her dissolution action, the trial court's order entered on May 8, 2001, is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HUTCHINSON, P.J., and GEIGER, J., concur.