# Illinois Official Reports

## Appellate Court

*Ritschel Boehle v. OSF Healthcare System*, 2018 IL App (2d) 160975

| | |
|---|---|
| Appellate Court Caption | KELLI RITSCHEL BOEHLE, Individually and as Administrator of the Estate of Nikolas Ritschel, Deceased, Plaintiff-Appellee, v. OSF HEALTHCARE SYSTEM, d/b/a Saint Anthony Medical Center-Rockford and d/b/a OSF Medical Group; BERNARD E. O'MALLEY, M.D.; ROY K. WERNER, M.D.; ROCKFORD RADIOLOGY ASSOCIATES, P.C.; JOSEPH P. MICHO, M.D.; MICHAEL G. MYERS, M.D.; ERIC TREFELNER, M.D., INC., d/b/a Nightshift Radiology; and MARSHALL P. MALLORY, M.D., Defendants-Appellants. |
| District & No. | Second District<br>Docket No. 2-16-0975 |
| Filed | March 7, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 15-L-390; the Hon. J. Edward Prochaska, Judge, presiding. |
| Judgment | Certified questions answered; cause remanded. |
| Counsel on Appeal | Julie A. Teuscher, of Cassiday Schade LLP, of Chicago, for appellants Michael G. Myers, M.D., Eric Trefelner, M.D., Inc., and Marshall P. Mallory, M.D. |

Hinshaw & Culbertson LLP, of Chicago (Joshua G. Vincent, Jeffry S. Spears, Daniel E. Wiesch, and Carson R. Griffis, of counsel), for appellants OSF Healthcare System, Bernard O'Malley, M.D., and Roy K. Werner, M.D.

Cunningham, Meyer & Vedrine, PC, of Warrenville (Kevin J. Vedrine, Thomas J. Tomasik, and Robert L. Larsen, of counsel), for other appellants.

Robert P. Sheridan, Keith A. Hebeisen, Bradley M. Cosgrove, and Susan A. Capra, of Clifford Law Offices, P.C., of Chicago, for appellee.

Panel          JUSTICE SPENCE delivered the judgment of the court, with opinion. Presiding Justice Hudson and Justice Schostok concurred in the judgment and opinion.

## OPINION

¶ 1      In this appeal involving a medical malpractice case, we address the following questions certified pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017):

"(1) Does Supreme Court Rule 219(e) prevent the use of a voluntary dismissal to avoid the consequences of a court order denying plaintiff's motion to disclose an additional Supreme Court Rule 213(f)(3) witness as untimely, or does it only prevent the use of a voluntary dismissal to avoid the effect of court-ordered sanctions for discovery violations or other misconduct?

(2) Does Supreme Court Rule 219(e) prevent a party from disclosing new expert witnesses in a refiled action who were not identified in Rule 213(f)(3) disclosures by a court-ordered deadline in an original action as an abuse of the voluntary dismissal process in order to avoid the consequences of orders in the original action?"

¶ 2      Although the questions seem to call for straightforward answers through their either/or and yes/no phrasing, our interpretation of Illinois Supreme Court Rule 219(e) (eff. July 1, 2002) and consideration of relevant case law preclude such a result. Regarding the first question, we conclude that nothing in Rule 219(e) prevents a plaintiff from *attempting* to use a voluntary dismissal to avoid the consequences of a court order denying the plaintiff's motion to disclose an additional witness or to avoid the effect of court-ordered sanctions for discovery violations or other misconduct. However, the trial court has the discretion to sanction the plaintiff for misconduct or unreasonable noncompliance by ordering expenses paid to the defendant as a condition of granting the voluntary dismissal, and the trial court could additionally or alternatively bar or limit witnesses and/or evidence in the refiled action. As to the second question, we conclude that Rule 219(e) does not prevent the plaintiff from disclosing a new

- 2 -

expert witness in a refiled action. Still, it is within the trial court's discretion whether to bar or otherwise limit that witness's testimony in the refiled case.

¶ 3                                   I. BACKGROUND

¶ 4         On February 4, 2011, plaintiff, Kelli Ritschel Boehle, and her son, Nikolas Ritschel, filed a medical negligence lawsuit against several defendants for allegedly failing to timely diagnose and treat Nikolas's sarcoma of the spine, allegedly resulting in the spread of the cancer and the increased likelihood of premature death. The trial court initially set a trial date of July 9, 2012. Nikolas passed away on March 9, 2012, and on May 29, 2012, plaintiff filed a first amended complaint, individually and on behalf of Nikolas's estate. She thereafter disclosed four expert witnesses, pursuant to defendants' Illinois Supreme Court Rule 213(f)(3) (eff. Jan. 1, 2007) interrogatories, who would each opine that defendants' alleged deviations from the standard of care proximately caused Nikolas's death.

¶ 5         Plaintiff retained new counsel, and on January 16, 2014, the trial court granted plaintiff's motion for leave to supplement her Rule 213(f)(3) disclosures, over defendants' objections; she was to disclose her new experts by March 1, 2014. Plaintiff's supplemental Rule 213(f)(3) disclosures named two additional witnesses who would testify as to causation.

¶ 6         On August 7, 2014, the trial court rescheduled the trial date to September 14, 2015. It ordered that all of plaintiff's expert witnesses be deposed by September 18, 2014. Defendants were to disclose their expert witnesses by November 18, 2014, and their depositions were to be completed by February 18, 2015. Defendants later disclosed a total of 12 expert witnesses.

¶ 7         On June 25, 2015, plaintiff mailed notice of a motion to supplement her Rule 213(f)(3) disclosures to add Dr. Leonard Wexler, a pediatric oncologist, to testify as to causation. Defendants objected, and the trial court denied plaintiff's motion on July 23, 2015. It stated that, when plaintiff had switched law firms earlier, she had been given leave to name two new experts. However, the case had now been pending for four years, all of the experts had been deposed, and trial was two months away. The alleged failure to diagnose Nikolas's cancer was the theory of the case from the beginning, and plaintiff had chosen to name surgeons and neurosurgeons, as opposed to oncologists, as experts, which was a matter of trial strategy. The trial court noted that plaintiff previously had ample opportunity to name an oncology expert if she felt that one was needed, but "now it's too late, trial is upon us."

¶ 8         Less than one month later, on August 19, 2015, the trial court granted plaintiff's motion to voluntarily dismiss the suit without prejudice.

¶ 9         On December 9, 2015, plaintiff refiled her case against the same defendants. She subsequently moved to disclose 10 experts, including Dr. Wexler and 4 other experts not named in the original action. Defendants moved to strike the motion, arguing that Rule 219(e) prohibited plaintiff from using a voluntary dismissal to avoid compliance with the trial court's July 23, 2015, discovery order, which denied her leave to name Dr. Wexler as a witness. Defendants argued that plaintiff should also not be allowed to name the other new expert witnesses.

¶ 10        On June 22, 2016, the trial court denied defendants' motion to strike. It stated as follows. Plaintiff dismissed her original action as "a strategic voluntary dismissal *** because [she] was not allowed to disclose Dr. Wexler *** because we were too close to trial." Plaintiff dismissed her initial action in order to be able to name her choice of experts in the refiled

action, including Dr. Wexler. However, Rule 219(e) did not prohibit "dismissing a case for strategic reasons and then naming a new or additional expert upon re-filing." To bar plaintiff's new expert witnesses under Rule 219(e), the trial court would have to find "discovery violations in the prior case," "misconduct in the prior case," or "a deliberate disregard of the court's authority in the underlying case," none of which was present. It did "not see any reason under Supreme Court Rule 219(e) to bar the plaintiffs [*sic*] from viewing this as a new case and for strategic reasons naming some new and additional expert witnesses." To rule otherwise would be to read conditions into section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2016) (allowing voluntary dismissals)). However, the trial court would reserve ruling on whether two of the newly named experts, a radiologist and a neurosurgeon, were cumulative witnesses.

¶ 11        Defendants then sought to certify the aforementioned questions for immediate appeal under Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016). At the hearing on the motion to certify, the trial court stated that the situation at hand involved a recurring issue. It stated:

> "[Plaintiff] voluntarily dismissed [her] case when I denied [her] request to name a new additional expert witness, this oncologist. I made that ruling at the time and I stand by it because it was too late. We were very close to the final pretrial conference. *** I denied it in my discretion. And then [she] made [her] motion for voluntary dismissal.
>
> I have no doubt and I've even said it on the record *** I call it a strategic voluntary dismissal. *** [She] wants to name a couple of new experts in this newly filed case and so I have to look at where, where it was in the litigation and I felt like, again, in my discretion, after reviewing Supreme Court Rule 219(e), *** there was nothing preventing [her] from doing that. I don't think [she] was violating any orders that I had entered in the previous case. In particularly [*sic*], *** it's important to the Court that [she] wasn't doing anything that was going to save [her] case from an imminent defeat and by that I mean summary judgment or directed verdict.
>
> * * *
>
> And so, I, in every case, look at where *** are we along the path to trial? And in this particular case I didn't feel that we were far enough long [*sic*] the path to trial in the prior case to say that [plaintiff] could not voluntarily dismiss, refile, and name a couple of new experts. I felt that was in my discretion. I allowed it."

The trial court stated that the issue defendants raised in their proposed certified questions was whether its ruling improperly allowed plaintiff to avoid the effects of its order denying her motion for leave to add Dr. Wexler as an expert witness. The issue involved the interplay of section 2-1009, Rule 219(e), and a trial court's discretion to make discovery rulings when a case is refiled. Therefore, the trial court granted the motion to certify, over plaintiff's objection.

¶ 12        We initially denied defendants' application for leave to appeal. However, on May 24, 2017, our supreme court issued a supervisory order directing us to vacate our denial of defendants' application and to consider the questions certified by the trial court. We followed the supreme court's directive and granted defendants leave to appeal.

¶ 13                                    II. ANALYSIS

¶ 14        Rule 308 allows for the permissive interlocutory appeal of an order involving "a question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Ill. S. Ct. R. 308 (eff. July 1, 2017). Our review is generally limited to answering the questions certified, as opposed to examining the propriety of an underlying trial court order. *Combs v. Schmidt*, 2015 IL App (2d) 131053, ¶ 6. Because a certified question under Rule 308 presents a question of law, our review is *de novo*. *Bowman v. Ottney*, 2015 IL 119000, ¶ 8.

¶ 15        Section 2-1009(a) of the Code (735 ILCS 5/2-1009(a) (West 2016)) allows a plaintiff to voluntarily dismiss his or her action without prejudice at any time before trial or hearing begins, provided that the plaintiff provides notice to each party and pays costs. "When a party complies with the requirements of section 2-1009(a), her right to a voluntary dismissal without prejudice is, with very limited exceptions, unfettered." *Smith v. Bartley*, 364 Ill. App. 3d 725, 727 (2006). Section 13-217 of the Code (735 ILCS 5/13-217 (West 2016)) permits a plaintiff to refile a voluntarily dismissed action within one year of the dismissal date.

¶ 16        Defendants do not dispute that a plaintiff has the right to voluntarily dismiss and refile his or her action. Rather, the parties disagree about a plaintiff's ability to name witnesses in a refiled action who were not previously named or were named untimely. This question involves the interpretation of Rule 219(e), which is titled "Voluntary Dismissals and Prior Litigation" and provides:

> "A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party. The court may, in addition to the assessment of costs, require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action including but not limited to discovery expenses, expert witness fees, reproduction costs, travel expenses, postage, and phone charges." Ill. S. Ct. R. 219(e) (eff. July 1, 2002).

The committee comments to the rule state:

> "Paragraph (e) addresses the use of voluntary dismissals to avoid compliance with discovery rules or deadlines, or to avoid the consequences of discovery failures, or orders barring witnesses or evidence. This paragraph does not change existing law regarding the right of a party to seek or obtain a voluntary dismissal. However, this paragraph does clearly dictate that when a case is refiled, the court shall consider the prior litigation in determining what discovery will be permitted, and what witnesses and evidence may be barred. The consequences of noncompliance with discovery deadlines, rules or orders cannot be eliminated by taking a voluntary dismissal. Paragraph (e) further authorizes the court to require the party taking the dismissal to pay the out-of-pocket expenses actually incurred by the adverse party or parties. *** Paragraph (e) does not provide for the payment of attorney fees when an action is voluntarily dismissed." Ill. S. Ct. R. 219(e), Committee Comments (rev. June 1, 1995).

¶ 17        We construe supreme court rules according to the same principles that govern the interpretation of statutes. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 22.

Our primary goal is to ascertain and give effect to the drafters' intent, which is best indicated by the plain and ordinary meaning of the language used. *Id.* We will interpret a rule such that no part of it is rendered meaningless or superfluous, and we will not depart from the rule's plain language by reading into it exceptions, limitations, or conditions that conflict with the drafters' expressed intent. *Id.* If the rule's language is ambiguous or susceptible to more than one reasonable interpretation, we may look to the committee comments for guidance in ascertaining the reason and purpose for the rule. *A.M. Realty Western L.L.C. v. MSMC Realty, L.L.C.*, 2016 IL App (1st) 151087, ¶ 73. The interpretation of a rule presents a question of law, which we review *de novo*. *Doe v. Coe*, 2017 IL App (2d) 160875, ¶ 10.

¶ 18     Defendants OSF Healthcare System; Bernard E. O'Malley, M.D.; and Roy K. Werner, M.D. (collectively OSF defendants), argue that Rule 219(e)'s plain language prohibits a party from avoiding compliance with discovery deadlines or orders by voluntarily dismissing a lawsuit and that the committee comments likewise state that the rule prohibits the use of voluntary dismissals to avoid complying with discovery orders.

¶ 19     OSF defendants cite *Jones v. Chicago Cycle Center*, 391 Ill. App. 3d 101 (2009), and *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 328 Ill. App. 3d 255, 271 (2002), as examples of cases where the appellate court held that Rule 219(e) allows a court to impose sanctions or bar evidence when a plaintiff uses the right to voluntarily dismiss the lawsuit as a means to avoid the consequences of an order excluding evidence. In *Jones*, the plaintiffs sought to obtain additional opinion testimony from one of their experts, based on the decline in the primary plaintiff's condition. *Jones*, 391 Ill. App. 3d at 103-04. The trial court questioned why the plaintiffs had not previously disclosed the decline or their plan to elicit new opinion testimony from an expert last deposed two years before. *Id.* at 104. The trial court stated that based on the trial date it was "too late" to disclose additional opinion testimony, but it continued the defendants' motion *in limine* to bar the testimony until after the deposition. *Id.* The plaintiffs moved to voluntarily dismiss their case the next day. *Id.* The trial court found that the plaintiffs sought a voluntary dismissal in order to avoid the trial court's rulings on motions *in limine* and to avoid witnesses and evidence being barred as untimely. *Id.* at 114. The trial court ordered the plaintiffs to pay costs of over $180,000 as a condition of granting their motion for a voluntary dismissal. *Id.* at 106. The appellate court affirmed, stating that, although the record did not show "that plaintiffs deliberately violated case management, preservation or protective orders or failed to comply with the court's discovery orders or deadlines," the trial court clearly found that they were using the voluntary dismissal " 'to avoid the consequences of discovery failures, or orders barring witnesses or evidence.' " (Emphasis omitted.) *Id.* at 114 (quoting Ill. S. Ct. R. 219(e), Committee Comments (rev. June 1, 1995)).

¶ 20     In *Valdovinos*, the trial court similarly granted the plaintiffs' motion for a voluntary dismissal but ordered them to pay costs of over $100,000 to the defendants. *Valdovinos*, 328 Ill. App. 3d at 263-64. The appellate court affirmed, stating that the assessment of expenses was proper "where the plaintiffs exercised their right to voluntarily dismiss the action without prejudice in order to avoid the effects of pretrial evidentiary rulings based on their own failure to comply with discovery deadlines." *Id.* at 271. In particular, due to untimely disclosures, the plaintiffs were barred from presenting certain witnesses and from using a computer animated videotape. *Id.*

¶ 21     OSF defendants note that, like the trial courts in *Jones* and *Valdovinos*, the trial court here originally excluded Dr. Wexler's testimony because plaintiff had disclosed him "too late" and

it found that plaintiff had voluntarily dismissed her lawsuit to avoid the consequences of that discovery order. OSF defendants argue that the trial court wrongly believed that it could bar Dr. Wexler's testimony under Rule 219(e) only if it found that plaintiff had committed "discovery violations in the prior case," "misconduct in the prior case," or "a deliberate disregard of the court's authority in the underlying case." OSF defendants argue that, although Rule 219(e) requires the trial court to consider "any misconduct" in the prior case (Ill. S. Ct. R. 219(e) (eff. July 1, 2002)), it does not require misconduct before relief may be imposed. OSF defendants maintain that case law provides that "unreasonable noncompliance" *or* "misconduct" is sufficient to justify imposing costs or other sanctions under Rule 219(e). See *Jones*, 391 Ill. App. 3d at 115; see also *Ramos v. Kewanee Hospital*, 2013 IL App (3d) 120001, ¶ 112; *Scattered Corp. v. Midwest Clearing Corp.*, 299 Ill. App. 3d 653, 659 (1998). OSF defendants point out that in *Jones* the trial court equated unreasonable noncompliance with the plaintiffs voluntarily dismissing their case to avoid the consequences of discovery orders. *Jones*, 391 Ill. App. 3d at 115.

¶ 22    OSF defendants argue that those cases in which Rule 219(e) relief was found to be inappropriate involved situations where either there was no discovery order that the plaintiff sought to avoid through voluntary dismissal or the trial court did not find that the dismissal was designed to avoid an adverse discovery ruling. See *In re Marriage of Webb*, 333 Ill. App. 3d 1104, 1106 (2002) (trial court erred in assessing expenses against the plaintiff as a condition for allowing her to voluntarily dismiss her action because it did not make a preliminary determination that she engaged in discovery misconduct); *Scattered Corp.*, 299 Ill. App. 3d at 660-61 (trial court erred in imposing expenses for voluntary dismissal because it made no finding of misconduct or unreasonable noncompliance with any court order).

¶ 23    OSF defendants argue that the trial court's ruling in this case contradicts Rule 219(e)'s express purpose, as the rule states that a party "shall not be permitted to avoid compliance with discovery *** orders *** by voluntarily dismissing a lawsuit." Ill. S. Ct. R. 219(e) (eff. July 1, 2002). They argue that, by imposing the additional requirement of violations or misconduct, the trial court inadvertently encouraged the very gamesmanship that Rule 219(e) seeks to prohibit. See *Scattered Corp.*, 299 Ill. App. 3d at 660 ("Rule 219(e) targets those strategic and tactical litigation decisions which, having crossed the line of vigorous advocacy, become decisions aimed no longer at besting the opposing party but rather at undermining the integrity of the judicial system."). OSF defendants contend that we should answer both certified questions by holding that Rule 219(e) prohibits a strategic voluntary dismissal designed to avoid the effect of an order denying as untimely a plaintiff's motion to disclose an expert witness in prior litigation.

¶ 24    Defendants Michael G. Myers, M.D.; Eric Trefelner, M.D., Inc., d/b/a Nightshift Radiology; and Marshall P. Mallory, M.D. (collectively Nightshift defendants), present arguments similar to those of OSF defendants. They argue that Rule 219(e)'s plain language prohibits a party from avoiding compliance with discovery deadlines and court orders by voluntarily dismissing a lawsuit and that the rule is not limited to circumstances where a party is guilty of misconduct. They argue that Rule 219(e)'s committee comments are similarly unambiguous. Nightshift defendants argue that the trial court's order denying defendants' motions to bar Dr. Wexler and the other new expert witnesses in the refiled action allowed plaintiff to accomplish precisely what Rule 219(e) prohibits, *i.e.*, avoiding compliance with discovery deadlines and court orders by voluntarily dismissing a lawsuit. Nightshift

defendants cite our supreme court's statement that, "[i]nstead of limiting a party's right to voluntarily dismiss his claims without prejudice prior to trial, Rule 219(e) prevents voluntary dismissals from being used as an artifice for evading discovery requirements" (*Morrison v. Wagner*, 191 Ill. 2d 162, 166 (2000)) and its statement that a plaintiff "cannot use the voluntary dismissal and refiling provisions to accomplish in the [refiled] suit what she was precluded from doing in the [original] suit" (*Bowman*, 2015 IL 119000, ¶ 25).

¶ 25    Nightshift defendants further argue that, even if Rule 219(e) requires a finding of misconduct, plaintiff's failure to disclose Dr. Wexler and the other new expert witnesses by the discovery deadline was a discovery violation. Nightshift defendants maintain that the trial court conceded that its ruling allowed plaintiff to "get around" or "avoid" its prior orders. Nightshift defendants argue that this consideration distinguishes the instant case from *Webb* and *Scattered Corp.* Nightshift defendants argue that this case is far more analogous to *Jones*, where the plaintiffs' failure to timely disclose Rule 213(f) witnesses and their opinions was misconduct sufficient to invoke Rule 219(e).

¶ 26    Defendants Rockford Radiology Associates, P.C., and Joseph P. Micho, M.D. (Rockford Radiology defendants) adopt the arguments set forth by OSF defendants and Nightshift defendants.

¶ 27    Plaintiff responds that, although certified questions are supposed to present questions of law, defendants are actually seeking to have us review the propriety of the trial court's order denying their motions to bar Dr. Wexler and the other new expert witnesses. Plaintiff argues that, given the trial court's discretion under Rule 219(e), both parts of the first certified question, as well as the second certified question, should be answered in the negative.

¶ 28    Plaintiff contends that defendants wrongly describe Dr. Wexler as having been barred in the original case. She argues that instead she simply asked for leave to disclose him after discovery was closed, and the trial court denied the motion solely because it was too close to trial. Plaintiff argues that, although the trial court described her voluntary dismissal as "strategic," all such dismissals are strategic and the trial court explicitly stated that she had done nothing improper or sanctionable. Plaintiff maintains that she had the right not only to dismiss her case but also to refile it and that it is well established that a refiled case is not a continuation of the original case but instead a new action. See *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 504 (1997) ("We note that the refiled action is an entirely new and separate action, not a reinstatement of the old action."). Plaintiff argues that, aside from exceptions not applicable here, a refiled case should not be treated as a continuation of the old case and should therefore not be burdened with the proceedings of the old case, or else the right to dismiss and refile would be pointless. Plaintiff contends that, although defendants focus on Rule 219(e)'s language that parties "shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit," such policy language is ordinarily not considered in determining the scope of an enactment. See *Brown v. Kirk*, 64 Ill. 2d 144, 152 (1976). She also points out that the rule further specifies that the trial court shall consider discovery undertaken, any misconduct, and the orders entered. Plaintiff argues that the trial court was not required to apply previous orders in the refiled case, as there is no rule that such orders must be reinstated upon refiling.

¶ 29    Plaintiff further argues that the cases cited by defendants do not support their position. Plaintiff argues that *Morrison* does not hold that the trial court is required to bar evidence, particularly considering that Rule 219(e) states that the trial court "may" require the plaintiff to

pay expenses (Ill. S. Ct. R. 219(e) (eff. July 1, 2002)). Plaintiff argues that in *Jones* the trial court found that the plaintiffs engaged in "egregious" discovery misconduct that warranted the imposition of costs and expenses under Rule 219(e) (*Jones*, 391 Ill. App. 3d at 112), whereas here the trial court found that plaintiff had not engaged in *any* discovery misconduct. Plaintiff cites the *Jones* court's statement: "In order for Rule 219(e) to apply, there must be some misconduct on the plaintiff's part." *Id.* at 111. Plaintiff argues that *Jones* is also distinguishable because there the trial court's finding of misconduct was affirmed, whereas here defendants seek to reverse the trial court's ruling, and because *Jones* involved assessing costs as opposed to barring witnesses.

¶ 30    Plaintiff also argues that defendants focus on the language of Rule 219(e) without considering the remainder of the rule. Plaintiff cites Rule 219(c), which relates to, among other things, the unreasonable failure to comply with discovery and allows the trial court to impose remedies, including sanctions. Ill. S. Ct. R. 219(c) (eff. July 1, 2002). Plaintiff argues that Rule 219(e) clearly aims to carry that remedy provision into refiled cases and that both provisions require a preliminary finding of misconduct. See *Jones*, 391 Ill. App. 3d at 111 (trial court must make a preliminary finding of misconduct before imposing expenses under Rule 219(e)).

¶ 31    Plaintiff argues that *Scattered Corp.* controls. There, the court stated that "Rule 219(e)'s reference to voluntary dismissals taken to 'avoid compliance' with 'discovery deadlines, orders, or applicable rules' (166 Ill. 2d R. 219(e)) requires the circuit court to make a preliminary finding of misconduct, analogous to the 'unreasonable noncompliance' standard invoked in Rule 219(c) cases (166 Ill. 2d R. 219(c)), before imposing expenses pursuant to Rule 219(e)." *Scattered Corp.*, 299 Ill. App. 3d at 659. The court stated that unreasonable noncompliance occurs where "the noncomplying party shows a deliberate, contumacious or unwarranted disregard for the court's authority." *Id.* Plaintiff points out that the supreme court cited *Scattered Corp.* with approval in *Morrison*, 191 Ill. 2d at 166, and that the appellate court has cited it with approval in other cases. See *Ramos*, 2013 IL App (3d) 120001, ¶¶ 110-113; *Jones*, 391 Ill. App. 3d at 111-12; *Webb*, 333 Ill. App. 3d at 1111-12.

¶ 32    Plaintiff next argues that defendants ignore the fact that Rule 219(e) sanctions are discretionary. "Just as is the case with any sanction imposed under Rule 219, only a clear abuse of discretion justifies a reversal on appeal of the trial court's decision to bar evidence or the testimony in a refiled case by reason of a party's misconduct in his original action." *Smith v. P.A.C.E.*, 323 Ill. App. 3d 1067, 1075 (2001). Therefore, according to plaintiff, defendants wrongly seek to have her experts barred as a matter of law. Plaintiff argues that trial courts generally have discretion regarding whether to bar witnesses and that Illinois courts recognize that such action is a drastic sanction to be used sparingly.

¶ 33    OSF defendants reply that, although plaintiff concedes that Rule 219(e) applies to unreasonable noncompliance in addition to misconduct, she never explains why an untimely witness disclosure is not unreasonable noncompliance with a discovery order. OSF defendants and Nightshift defendants argue that the only issue here is whether a voluntary dismissal designed to avoid an order denying the untimely disclosure of a witness is subject to Rule 219(e) relief, despite the trial court's belief here that it lacked discretion to provide such relief absent a discovery sanction in the original lawsuit. Rockford Radiology defendants argue, among other things, that plaintiff's analysis is flawed because *Ramos*, *Jones*, *Webb*, and *Scattered Corp.* all involved whether the trial courts properly imposed monetary sanctions, which the third sentence of Rule 219(e) addresses, whereas here the issue is whether the trial

court should enforce its prior order denying leave to disclose additional expert witnesses after the deadline had long passed, which the first sentence of Rule 219(e) addresses.

¶ 34 Having summarized the parties' arguments, we now begin our own commentary. After briefing in this case was completed, this court decided *Freeman v. Crays*, 2018 IL App (2d) 170169, which touches upon many of the issues central to this case. There, the plaintiff brought suit against the defendant doctor, alleging that his negligent treatment of her husband's cardiovascular disease proximately caused her husband's death. *Id.* ¶ 1. Shortly before the trial, the trial court ruled that the plaintiff's only medical expert witness was unqualified to offer an opinion on causation, which would have prevented the plaintiff from proving her case. *Id.* The plaintiff voluntarily dismissed and refiled her action, and she disclosed her intent to name an additional medical expert witness to testify on causation. *Id.* The defendant then moved to adopt the rulings from the original case and bar the testimony of any newly disclosed experts under Rule 219(e). *Id.* The trial court granted the defendant's motion, leading the defendant to request and receive summary judgment in his favor. *Id.* The plaintiff appealed, arguing that (1) the trial court abused its discretion by barring her original medical expert witness from testifying on causation and (2) the trial court improperly applied Rule 219(e) by barring her from disclosing a new expert witness in the refiled action. *Id.*

¶ 35 We first concluded that the trial court acted within its discretion in barring the original expert witness's causation opinion. *Id.* ¶ 36. In addressing the second issue, we rejected the plaintiff's argument that, because she was not sanctioned or found to have committed misconduct in the original action, it was improper for the trial court to apply Rule 219(e) in the refiled action. *Id.* ¶¶ 44, 46, 50. We recognized that *Jones* stated that, " '[i]n order for Rule 219(e) to apply, there must be some misconduct on the plaintiff's part.' " *Id.* ¶ 44 (quoting *Jones*, 391 Ill. App. 3d at 111). However, we noted that *Jones* and the cases it relied on, namely *Scattered Corp.* and *Webb*, involved the imposition of expenses associated with a voluntary dismissal, as opposed to the application of Rule 219(e) in a refiled case. *Id.* We instead looked to *Smith*, 323 Ill. App. 3d at 1074, which did involve barring witnesses in a refiled action under Rule 219(e). We agreed with *Smith*'s holding that a party's misconduct in the original action is just one factor for the trial court to consider in the refiled action in determining what evidence will be permitted. *Freeman*, 2018 IL App (2d) 170169, ¶ 49. We further agreed with *Smith* that in such a situation the trial court should look to the same factors that are used to determine whether barring a witness is an appropriate sanction in the original action, namely (1) surprise to the adverse party, (2) the prejudicial effect of the witness's testimony, (3) the nature of the testimony, (4) the adverse party's diligence, (5) the timeliness of the objection to the testimony, and (6) the good faith of the party calling the witness. *Id.* ¶ 52 (citing *Smith*, 323 Ill. App. 3d at 1076).

¶ 36 We ultimately held that the trial court abused its discretion in barring the plaintiff's new expert witness in the refiled action because the trial court improperly applied the standards in *Jones* governing the imposition of expenses associated with a voluntary dismissal, instead of the framework set out in *Smith* for a refiled action. *Id.* ¶ 60. We remanded the cause for the trial court to reconsider the issue according to the proper standards. *Id.* ¶ 61.

¶ 37 Returning to the instant case, we look to the language of Rule 219. Rule 219 is titled "Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conferences." Ill. S. Ct. R. 219 (eff. July 1, 2002); see *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 506 (2000) (titles and headings cannot limit the plain meaning

of the text of a statute, but they can be considered if they shed light on an ambiguous word or phrase within the text). As plaintiff points out, Rule 219(c) allows the trial court to impose sanctions if a party "unreasonably" fails to comply with discovery orders or rules. Ill. S. Ct. R. 219(c) (eff. July 1, 2002). Rule 219(e) extends the trial court's enforcement of discovery orders to refiled cases. See *Scattered Corp.*, 299 Ill. App. 3d at 659 (purposes behind Rule 219(c) and Rule 219(e) are similar).

¶ 38 Rule 219(e) begins: "A party shall not be permitted to *avoid compliance* with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit." (Emphasis added.) Ill. S. Ct. R. 219(e) (eff. July 1, 2002). Plaintiff frames Rule 219(e)'s first sentence as policy language that is largely irrelevant (see *supra* ¶ 28), but unlike in the case she cites (see *Brown*, 64 Ill. 2d at 152), this language is not a separate policy section or preamble of a statute, but rather part of a supreme court rule. *Scattered Corp.* found that the phrase "avoid compliance" rendered the rule ambiguous, thereby allowing consideration of the committee comments to the rule. *Scattered Corp.*, 299 Ill. App. 3d at 658; see also *Webb*, 333 Ill. App. 3d at 1112 (agreeing with *Scattered Corp.* that the phrase was ambiguous); *Wright v. Desate, Inc.*, 292 Ill. App. 3d 952, 954 (1997) (finding rule to be ambiguous). *Scattered Corp.* determined that the statement in the committee comments that "[t]he consequences of noncompliance with discovery deadlines, rules or orders cannot be eliminated by taking a voluntary dismissal" (Ill. S. Ct. R. 219(e), Committee Comments (rev. June 1, 1995)) indicated that the voluntary dismissal had to involve some disobedience by the plaintiff. *Scattered Corp.*, 299 Ill. App. 3d at 659. It held that the inclusion of the phrase "avoid compliance" required the trial court "to make a preliminary finding of misconduct, analogous to the 'unreasonable noncompliance' standard invoked in Rule 219(c) cases [citation], before imposing expenses pursuant to Rule 219(e)." *Id.* [1] Unreasonable noncompliance occurs where the party shows a deliberate, contumacious, or unwarranted disregard for the court's authority. *Id.*; see also *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120 (1998) (unreasonable noncompliance warranting sanctions occurs where there has been a deliberate and pronounced disregard for a discovery rule). Whether unreasonable noncompliance or misconduct occurred is a factual determination for the trial court. *Jones*, 391 Ill. App. 3d at 115. In *Scattered Corp.*, the court stated that its construction of Rule 219(e) was "consistent with the language and spirit of the authority vested in the circuit court pursuant to Supreme Court Rule 219 generally and Rule 219(c) in particular." *Scattered Corp.*, 299 Ill. App. 3d at 659.

¶ 39 We next consider the second sentence of Rule 219(e), which states: "In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party." Ill. S. Ct. R. 219(e) (eff. July 1, 2002). This sentence clearly applies to discovery in the refiled action. See also *Quintas v. Asset Management Group, Inc.*, 395 Ill. App. 3d 324, 335 (2009) (stating the same). Although plaintiff argues that her refiled case is an entirely new action (see *supra* ¶ 28), this portion of the rule allows the trial court to consider the prior action. The committee comments support this conclusion, as they state that, "when a case is refiled, the court shall consider the prior litigation in determining what

---

[1]*Scattered Corp.* was interpreting the first sentence of Rule 219(e) in ruling on an award of expenses, undermining Rockford Radiology defendants' argument that an award of such expenses relates only to the third sentence of the rule. See *supra* ¶ 33.

discovery will be permitted, and what witnesses and evidence may be barred." Ill. S. Ct. R. 219(e), Committee Comments (rev. June 1, 1995). Our supreme court has also held that a refiled case is not an entirely new and unrelated action for purposes of Rule 219(e). *Bowman*, 2015 IL 119000, ¶ 24.

¶ 40 We agree with defendants that, according to the second sentence of Rule 219(e), misconduct in the prior action is just one factor to consider when ruling on discovery issues in the refiled action. As discussed, we arrived at this very conclusion in *Freeman*: "[T]he misconduct of a party in the original action is merely a factor to be considered by the trial court in the refiled action when it determines what witnesses and evidence will be permitted." *Freeman*, 2018 IL App (2d) 170169, ¶ 49. In *Freeman*, we adopted the framework set forth in *Smith* for the trial court to determine whether to bar a witness in the refiled action, that being consideration of the same factors used to determine whether barring a witness is an appropriate sanction in the original action. See *supra* ¶ 35. These factors are applied in imposing any sanction under Rule 219(c) (see *Enbridge Energy, Ltd. Partnership v. Fry*, 2017 IL App (3d) 150765, ¶ 62), thus reinforcing the relationship between Rules 219(c) and 219(e). Such an analysis includes consideration of " 'the misconduct of a party in the original action and any sanctions entered against him therein.' " *Freeman*, 2018 IL App (2d) 170169, ¶ 53 (quoting *Smith*, 323 Ill. App. 3d at 1074).

¶ 41 The third sentence of Rule 219(e) allows the trial court to impose expenses on the party dismissing the action, and it is not debated here.

¶ 42 With these considerations in mind, we return to the first certified question, which states:

"(1) Does Supreme Court Rule 219(e) *prevent* the use of a voluntary dismissal to avoid the consequences of a court order denying plaintiff's motion to disclose an additional Supreme Court Rule 213(f)(3) witness as untimely, or does it only *prevent* the use of a voluntary dismissal to avoid the effect of court-ordered sanctions for discovery violations or other misconduct?" (Emphases added.)

As mentioned, the phrasing of this question is problematic because it presents either/or scenarios, neither of which is entirely correct. Rule 219(e) does not limit or "prevent" a plaintiff's ability to voluntarily dismiss an action without prejudice prior to trial. *Morrison*, 191 Ill. 2d at 166; *Scattered Corp.*, 299 Ill. App. 3d at 660. The rule does, however, make the party subject to paying costs as a condition of the voluntary dismissal and/or suffering adverse consequences if the party chooses to refile. *Morrison*, 191 Ill. 2d at 166. That is, the rule "alters the consequences of taking a voluntary dismissal rather than restricting a party's right to obtain such a dismissal." *Id.* at 167.

¶ 43 Moreover, case law holds that "[t]he rule does not require, as a condition precedent to voluntary dismissal, that the plaintiff agree to be bound by prior discovery orders upon refiling the case" (*Wright*, 292 Ill. App. 3d at 955)[2] and that Rule 219(e) "permits a voluntary dismissal even when the dismissal is prompted by discovery sanctions" (*id.* at 953). In *Gibellina v. Handley*, 127 Ill. 2d 122, 134 (1989), the defendants argued that voluntary dismissals were being used to evade the consequences of a failure to comply with discovery rules. Our supreme court noted that the plaintiff had a limited opportunity to refile, would have to comply with current statutes, and would be subject to various types of sanctions. *Id.* at 135.

---

[2]Correspondingly, Rule 219(e) does not require the trial court to reimpose any sanctions that were entered against the plaintiff in the original case. *Smith*, 323 Ill. App. 3d at 1074.

¶ 44    In sum, regarding the first half of the question, a plaintiff could use a voluntary dismissal to *attempt to* avoid the consequences of a court order denying as untimely a plaintiff's motion to disclose an additional witness. Regarding the second half of the question, a plaintiff could *attempt to* use a voluntary dismissal to avoid the effect of court-ordered sanctions for discovery violations or other misconduct. Still, upon a voluntary dismissal, the trial court would have the discretion to sanction the plaintiff through expenses paid to the defendant, and the trial court would also have the discretion to bar or otherwise limit certain witnesses and/or evidence in the refiled action using the same standards applicable to sanctions under Rule 219(c).

¶ 45    The second certified question states:

> "Does Supreme Court Rule 219(e) *prevent* a party from disclosing new expert witnesses in a refiled action who were not identified in Rule 213(f)(3) disclosures by a court-ordered deadline in an original action as an abuse of the voluntary dismissal process in order to avoid the consequences of orders in the original action?" (Emphasis added.)

Again, nothing in Rule 219(e) would prevent the plaintiff from disclosing a new expert witness in the refiled action. See *Wright*, 292 Ill. App. 3d at 955. Rather, "[w]hen a case is refiled, the rule requires the court to consider the prior litigation in determining what discovery will be permitted, and what witnesses and evidence may be barred." *Morrison*, 191 Ill. 2d at 167. This concept is perfectly illustrated in *Freeman*, as the plaintiff sought to name a new medical expert witness in her refiled action, and the defendant objected. *Freeman*, 2018 IL App (2d) 170169, ¶ 11. We held that it was within the trial court's discretion whether to bar a witness in a refiled action (*id.* ¶ 39) and that the trial court should apply the same factors used to determine whether barring a witness is an appropriate sanction in an original action (*id.* ¶ 52). As discussed, these are the same considerations that apply to sanctions under Rule 219(c).

¶ 46                                III. CONCLUSION

¶ 47    For the foregoing reasons, we answer the certified questions as detailed above, and we remand the cause for further proceedings consistent with this opinion.

¶ 48    Certified questions answered; cause remanded.